## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-192 (ESH)** |
| | : | |
| **v.** | : | **JUDGE ELLEN S. HUVELLE** |
| | : | |
| **STEPHEN COOK** | : | **TRIAL OCTOBER 23, 2007** |
| | : | |
| **Defendant.** | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT COOK'S MOTION TO DISMISS
COUNTS FOUR, FIVE, SIX AND SEVEN ON DOUBLE JEOPARDY GROUNDS
BASED UPON MULTIPLICITY IN THE INDICTMENT OR ALTERNATIVELY
TO COMPEL THE GOVERNMENT TO ELECT BETWEEN COUNT
<u>FOUR OR  COUNT FIVE AND BETWEEN COUNT SIX OR COUNT SEVEN</u>**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, hereby submits its opposition to the defendant's Motion to Dismiss Counts Four,

Five, Six and Seven on Double Jeopardy Grounds Based Upon Multiplicity in the Indictment or

Alternatively to Compel the Government to Elect Between Count Four or Count Five and

Between Count Six or Count Seven (hereinafter "Defendant's Double Jeopardy Motion").  As

stated below it is the government's position that the simultaneous prosecution of violations of 18

U.S.C. §§1512(b)(1) and 1512(c)(2) based on the same factual conduct does not violate the

Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

<u>Facts</u>

On August 7, 2007, the Grand Jury handed down a seven count Indictment charging

Defendant Stephen Cook with one count of violating the civil rights of Omar Hunter; one count

of making false statements to the United States; one count of conspiracy to commit offenses

against the United States; two counts of tampering with a witness; and two counts of obstruction

of justice.  These charges stem from an incident that occurred within the loading dock area of the

cellblock located within the Superior Court of the District of Columbia.  On August 30, 2005,

Defendant Stephen Cook, a Deputy United States Marshal, dragged Omar Hunter, who was

handcuffed to other inmates, off of a transport van, and proceeded to hit and kick Omar Hunter,

causing bodily injury. The defendant then prepared a routine field report in which he

intentionally omitted any mention of the force he had used against Omar Hunter, claiming that he

had only "assisted" Mr. Hunter off of the van.  The defendant then passed on the contents of his

falsified field report to another Deputy, who in turn passed the contents of the falsified report on

to a third Deputy.  These two Deputies then completed and submitted false reports that mirrored

that of the defendant.  When one of these two Deputies was served with a subpoena to appear

before the Grand Jury that was investigating the defendant's conduct, the Deputy made two

recorded phone calls to the defendant, one on September 28, 2006, the other on October 23,

2006.  During both of these telephone calls, the Deputy who was to appear before the Grand Jury

expressed his concern that if he stuck to his report he would be lying to the Grand Jury.  The

defendant, knowing the Deputy's report to be false, repeatedly told the Deputy to stick to his

report when he testified before the Grand Jury.

<u>Argument</u>

The government acknowledges that Counts Four and Five , and Counts Six and Seven of

the Indictment are based on the same underlying facts.  This does not, however, resolve the issue

before this Court, because, if the legislature so intended, a defendant can receive multiple

punishments based on the same course of conduct without offending the Double Jeopardy

Clause.  <u>See e.g.</u> United <u>States v. McLaughlin</u>, 164 F.3d 1, 8 (D.C. Cir. 1998) ("The Double

Jeopardy Clause's protection against cumulative punishments is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Citing <u>Ohio V. Johnson</u>, 467 U.S. 493, 499 (1984).

This Court must determine whether Congress intended to subject a defendant to more than one punishment for the particular course of conduct at issue in this case.  <u>United States v. Harris</u>, 959 F.2d 246, 251 (D.C.Cir.), cert. denied, 506 U.S. 932 (1992).  <u>See also</u> <u>Albernaz v. United States,</u> 450 U.S. 333, 344 (1981) ("Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed.").

The Supreme Court has instructed federal courts to employ the test enunciated in <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932), to ascertain the legislature's intent when Congress has not expressly spoken on the availability of multiple punishments for a single course of conduct. <u>See</u> <u>United States v. Harris</u>, 959 F.2d at 251-52. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Blockburger</u>,  284 U.S. at 304.  In the District of Columbia it is clear that when conducting this analysis, the sole focus is on the legal elements of each charge, not the similarity of the underlying facts supporting multiple charges or convictions.  <u>United States v. Coachman</u>, 727 F.2d 1293, 1301-02 (D.C. Cir. 1984).[1]  <u>Accord</u> <u>Waller v. United States</u>, 531

---

[1]    The court in <u>Coachman</u> specifically noted that <u>Albernaz v. United States</u>, 450 U.S. 333 (1981), effectively overruled <u>United States v. Sampol</u>, 636 F.2d 621 (D.C. Cir.1980) (per curiam), which had held that consecutive sentences for misprison of a felony and making false statements based on the same factual conduct were unconstitutional.

A.2d 994, 997 (D.C. 1987)(Before Albernaz, "there was some confusion as to whether the focus of scrutiny should be on the facts of a particular case or on the formal elements of the offenses being considered.  Albernaz made clear that one must look to the statutory elements. . ." Id. At 997).

The case of United States v. Bridges, 717 F.2d 1444 (D.C. Cir. 1983), cert. denied 465 U.S. 1036 (1984), citing Albernaz v. United States, 450 U.S. 333 (1981), is instructive in this matter.  In Bridges, this Court held that the defendant's consecutive sentences for perjury and making false statements to a grand jury did not violate the Double Jeopardy Clause.  The Court reached this conclusion even though it noted that both offenses might have been proved by the same evidence.  Id. at 393, 1450.  Indeed, in Bridges, both charges were based on the same conduct, namely, the defendant's false testimony before the grand jury.  In noting the proper focus of inquiry was on the elements of the offenses, the court in Bridges stated: "The lodestar must be the intent of Congress. The court's application of Blockburger must look to what Congress has said; the court's application of Congress' intent ought not be led astray by the happenstance of what evidence comes before the court."  Id.

Accordingly, the defendant's focus on the similarities between the evidence that the government will rely upon to prove Counts Four through Seven of the Indictment has no merit. The sole relevant focus is on the intent of Congress as evidenced by examining the elements of 18 U.S.C. § 1512(b)(1) and §1512(c)(2).  In conducting such a review, it is critical to note that it is presumed that Congress legislated with the Blockburger rule in mind. Albernaz v. United States, 450 U.S. 333, 341-42 (1981).

The essential elements of a violation of 18 U.S.C. §1512(b)(1) that are applicable to this

4

case are that the defendant: 1) knowingly and corruptly persuaded, or attempted to persuade; 2) any person; 3) with the specific intent to influence or delay that person's testimony; 4) in an official proceeding. Thus under §1512(b)(1) the focus of the corrupt mens rea is on the effect that the corrupt intent has on another person, not the proceeding itself. See United States v. LeMoure, 474 F.3d 37, 43 (1st Cir. 2007).

By contrast, the essential elements to establish a violation of 18 U.S.C. §1512(c)(2) are that the defendant: 1) knowingly; 2) corruptly obstructed, influenced and impeded, or attempted to do so; 3) an official proceeding. Thus in §1512(c)(2) the focus is not on the effect the corrupt mens rea has on another person, but the foreseeable effect that corrupt intent has on the proceeding itself. See United States v. Reich, 420 F.Supp.2d 75,83-84 (E.D.N.Y. 2006), aff'd 479 F.3d 179 (2nd Cir.), cert denied ___ U.S. ___, 2007 WL 1591775 (Oct. 1, 2007).[2]

Thus, based on the plain language and elements of these two sections they represent distinct offenses under Blockburger, and as such multiple punishments under these sections have been authorised by Congress.

The government is unaware of any reported case that deals with the precise issue presented here, whether §§1512(b)(1) and 1512(c)(2) constitute separate offenses under Blockburger. As the defendant points out, the language of 18 U.S.C. § 1512(c)(2) is similar to language contained 18 U.S.C. §1503. Compare 18 U.S.C. §1503 ("corruptly, . . . influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of

---

[2]    The defendant attempts to close this gap by noting that in the indictment for Counts Four and Six the government included the following language "in order to affect an investigation being conducted in the District of Columbia." This terminology is not an element of §1512(b)(1), rather it is a statement establishing proper jurisdiction and venue for Count Four and Count Six within the District of Columbia.

justice. . ." with 18 U.S.C. §1512(c)(2) (Whoever corruptly . . . otherwise obstructs, influences,

or impedes an official proceeding, or attempts to do so . . ."). The similarities between these

sections indicate that holdings related to §1503 are useful in interpreting §1512(c)(2). See

United States v. Long, No. 1:06CR00028, 2007 WL 218592 at *4 n.1 (W.D.Va., Jan. 29, 2007).

        Courts that have examined the relationship between §1503 and §1512(b)(1) under

Blockburger have concluded that they have separate elements under the Blockburger test. In

United States v. LeMoure, 474 F.3d 37 (1st Cir. 2007), the lead defendant, LeMoure, was a law

enforcement officer who was accused of using excessive force during the arrest of a motorist.

When the defendant learned of an impeding investigation, one of LeMoure's subordinates,

Polino, contacted several friends and asked them to provide false statements to the Internal

Affairs Division. The motorist subsequently sued LeMoure, and he and Polino sought to have

the same witnesses testify falsely during their depositions for the civil suit. When a grand jury

was convened, LeMoure and Polino again sought to persuade the witnesses to testify falsely. At

trial, LeMoure and Polino were convicted of witness tampering under §1512(b)(1) and

obstruction pursuant to §1503 for both the falsified civil depositions they had engineered as well

as their attempts to have the witnesses testify falsely before the grand jury. Id. At 40 n.1. In

short, some of the convictions for violating § 1503 and §1512(b)(1) were based on the same

conduct and evidence. Polino challenged his sentences on both the §1503 and §1512(b)(1)

convictions claiming that they violated the Double Jeopardy Clause. The First Circuit rejected

this claim, stating that "whether two offense are the same depends on the elements of the crimes

and not the similarity of underlying facts." Id. at 43. The court expressly held that §1503 and

§1512(b)(1) each contain an element the other does not: the former the intent to obstruct a

proceeding; the later the intent to influence the testimony of a person. Id.[3]

Similarly, in Bellomo v United States, 263 F.Supp. 2d. 561 (E.D.N.Y. 2003) the court

held that under Blockburger the government was not required to elect between §1503 and

§1512(b)(1) counts at trial even though both charges were based on the same conduct.  Id. at 567-

69.  In Bellomo, the defendant feigned mental illness in an attempt to have doctors declare him

incompetent to stand trial.  The government brought two charges based on this same conduct,

indicting the defendant in separate counts pursuant to §1503 and §1512(b)(1).  Id. at 566-67.  In

finding that these two counts did not violate the Double Jeopardy Clause, the court stated: "even

a cursory examination of Counts Six and Seven readily reveals that each does not charge the

same act or transaction.  Count Six [§1512(b)(1)] charges conduct aimed at another for the

purpose of influencing his testimony whereas Count Seven [§1503] charges the conduct of the

defendant himself.  Each contains an element the other does not . . ." Id. at 568.

In light of the plain language of §1512(b)(1) and §1512(c)(2), and the above-cited cases

interpreting the relationship between §1512(b)(1) and the analogous language of §1503, under

Blockburger, this Court should find that these are separate offenses for which the Court may

impose separate punishments.

In evaluating whether Congress intended §1512(b)(1) and §1512(c)(2) to constitute

separate penalties for the same course of conduct, it is also noteworthy that the maximum

sentences for these sections are different.  A violation of 18 U.S.C. §1512(b)(1) carries a

maximum sentence of ten years of incarceration, while a violation of 18 U.S.C. §1512(c)(2)

---

[3]    The LeMoure court also rejected Polino's claim that suborning perjury pursuant to 18
U.S.C. §1622 was a lesser included offense §1512(b)(1) because the two offenses have separate
elements.  LeMoure, 474 F.3d at 43-44.

carries a maximum sentence of twenty years of incarceration.  This further indicates that

Congress intended to authorize multiple punishments for the same course of conduct.  <u>See</u>

<u>Bellomo</u>, 263 F.Supp. 2d. at 567 (Noting difference in sentences between violations of §1503

and §1512(b)(1) and stating: "This difference alone, would suffice to drive the Court to conclude

that Congress did not intend the offense complained of in one count to be the same as that

charged in the other.").

     Accordingly, the Defendant' Double Jeopardy Motion should be denied at this time

because §1512(b)(1) and §1512(c) have distinct elements and therefore, pursuant to <u>Blockburger</u>

<u>v. United States</u>, 284 U.S. 299 (1931), and <u>United States v. Bridges</u>, 717 F.2d 1444 (D.C. Cir.

1983), <u>cert. denied</u> 465 U.S. 1036 (1984), the defendant can be punished twice for the same

underlying course of conduct.

<u>The Court Should Defer Ruling Until the Trial is Completed</u>

     While the government submits that this Court should deny the Defendant's Double

Jeopardy Motion at this time, it is apparent that this case may present an issue of first impression

for this jurisdiction.  In such cases, it is appropriate to present all of the counts to the jury so that,

in the event of a conviction, and the imposition of sentence on each count, the Court of Appeals

will have an opportunity to address these issues.  <u>See</u> <u>United States v. Dale</u>, 991 F.2d 819, 859

(D.C. Cir.), <u>cert. denied</u> 510 U.S. 1030 (1993) (Finding that the trial court correctly submitted

potentially multiplicitous counts to the jury where there was no controlling precedent.)  Citing,

<u>Garris v. United States</u>, 491 A.2d 511, 514-15 (D.C. 1985) ("Initially permitting convictions on

both counts serves the useful purpose of allowing [the appellate] court to determine whether

there is error concerning one of the counts that does not affect the other."). See also United

States v. Ruhbayan, 388 F.Supp. 2d 652 (E.D.Va. 2004)(Where defendant sought to dismiss

counts pursuant to §1503 and §1512(b)(1) on multiplicity grounds, proper remedy was to present

both charges to the jury and address any potential violation of the Double Jeopardy Clause at

sentencing, even though under controlling Forth Circuit precedent the defendant could not be

sentenced under both sections.[4])

There is no prejudice in allowing all four counts to proceed to trial.  As both sides agree,

all four counts are based on the same factual conduct.  As such, presenting all four counts to the

jury, instead of two counts elected by the Court or the government, will not create a risk that the

jury will be exposed to evidence that it would not otherwise have received.  Further, in the event

of convictions for Counts Four and Five or Counts Six and Seven, and a finding by this Court

that imposition of sentence on both counts would violate the Double Jeopardy Clause, this Court

could avoid such result by merging the counts, or vacating the conviction on one of the counts for

sentencing purposes.

---

[4]    In United States v. Kenny, 973 F.2d 339 (4th Cir. 1992), the defendant was indicted
under both §1503 and §1512(b)(1) based on the same course of conduct.  The defendant did not
challenge these counts on multiplicity grounds, but claimed that §1503 did not criminalize
witness tampering because that specific conduct was covered under §1512(b)(1).  In rejecting this
claim, the Fourth Circuit stated "The existence of a more narrowly tailored statute does not
necessarily prevent prosecution under a broader statute, so long as the defendant is not punished
under both statutes for the same conduct."  Id. at 342. What is notable is that the Kenny court
was not asked to decide whether multiple punishments could be imposed for convictions under
both sections.  Indeed, nowhere in the opinion does the court conduct any double jeopardy
analysis, or refer to any double jeopardy case law.  Thus, the language in Kenny prohibiting
multiple punishments for the same conduct appears to be dicta.  Further, this language, if viewed
as a holding, would be inconsistent with the case law of this Circuit as expressed in United States
v. Bridges, 717 F.2d 1444 (D.C. Cir. 1983), cert. denied 465 U.S. 1036 (1984).

WHEREFORE, the Government respectfully requests that this Court deny the

Defendant's Motion to Dismiss Counts Four, Five, Six and Seven on Double Jeopardy Grounds

Based Upon Multiplicity in the Indictment or Alternatively to Compel the Government to Elect

Between Count Four or Count Five and Between Count Six or Count Seven at this time, or

alternatively deny the defendant's motion at this time while permitting both parties to further

address the issues raised by the defendant's motion at sentencing in the event of convictions on

any relevant counts.

_____Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____/s/_____
John Cummings
Assistant United States Attorney
Member Maryland Bar
555 4th Street, N.W., Room 4838
Washington, DC 20530
(202) 514-7561

_____/s/_____
C. Douglas Kern
Ohio # 0072864
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
601 D St. NW
Washington, DC 20004
(202) 514-3204

10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-192 (ESH)** |
| | : | |
| **v.** | : | **JUDGE ELLEN S. HUVELLE** |
| | : | |
| **STEPHEN COOK** | : | **TRIAL OCTOBER 23, 2007** |
| | : | |
| **Defendant.** | : | |

**ORDER**

Having considered Defendant Cook's Motion to Dismiss Counts Four, Five, Six and

Seven on Double Jeopardy Grounds Based upon Multiplicity in the Indictment or Alternatively

To Compel the Government to Elect Between Count Four or Count Five and Between Count Six

or Count Seven Based, and the government's opposition thereto, it is this _____ day of

October, 2007 hereby:

ORDERED that no hearing is required in this matter as the relevant issues have been adequately

briefed by the parties, and that the defendant's motion is hereby:

☐     DENIED

☐     HELD IN ABEYANCE pending the out come of the trial in this matter.

_____
JUDGE ELLEN S. HUVELLE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CC:     John Cummings, Esq.
        C. Douglas Kern, Esq.
        William B. Moffit, Esq.
        Pleasant Brodnax, Esq.