UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. O7-192 (ESH) |
| | : | |
| v. | : | JUDGE ELLEN S. HUVELLE |
| | : | |
| STEPHEN COOK | : | TRIAL OCTOBER 23, 2007 |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its proposed additions to the Court's Voir Dire questions:

1. Has any member of the panel, a member of your immediate family, or a close friend, ever been processed through the United States Marshals Service's cellblock, located in the Superior Court of the District of Columbia, following an arrest?

2. The indictment charges the defendant with violation of a federal statute including 18 U.S.C. 242. This law prohibits government employees, including law enforcement officers, from violating the rights of the people, including prohibiting the use of excessive force. Does any member of the panel feel that the federal government should not be involved in prosecuting law enforcement officers in cases involving allegations of the use of unreasonable force?

3. A law enforcement officer may not use physical force against anyone simply to punish that person because that person has angered the officer in some way. For example, a law enforcement officer may not use physical force to punish a person merely because that person is verbally abusive and has thereby angered the officer. Do any of you disagree with this principle?

4. One may believe that the job a law enforcement officer is so difficult, stressful, and important, that it is wrong to question the actions of a law enforcement officer by prosecuting them for wrongdoing which occurs in the course of performing their official duties.  Do any of you share this view?

5. One may believe that it is proper for a law enforcement officer to use excessive force against a prisoner for the purpose of making an example of him to other prisoners, or to scare other prisoners into complying with the officer's future commands.  Does any member of the panel believe that it is proper for a law enforcement officer to use excessive force in order to establish fear and compliance from prisoners?

6. If the United States proves its case against the defendant beyond a reasonable doubt, would any member of the jury hesitate to return a verdict of guilty simply because the defendant is a law enforcement officer.

7. The victim in this case, Omar Hunter, was under arrest at the time the government alleges that the defendant used excessive force against him. Do any of you feel that because Omar Hunter was under arrest he should not be entitled to the protection of his civil rights, or that because he was under arrest he should receive less protection than the law allows?

8. You may hear testimony from witnesses who participated in the crimes that the defendant is charged with and have entered into plea agreements with the government.

   a. Will the fact that a witness participated in the crimes he is testifying about cause you to reject his testimony simply because the witness was an accomplice?

      b. Will the fact that a witness has a plea agreement with the government cause you to reject his testimony simply because the witness has entered into a plea agreement?

                          Respectfully submitted,

                          JEFFREY A. TAYLOR
                          United States Attorney
                          Bar No. 498610

By:          /s/
              John Cummings
              ASSISTANT UNITED STATES ATTORNEY
              Member Maryland Bar
              555 4th Street, N.W., Room 4838
              Washington, DC 20530
              (202) 514-7561


              /s/
              C. Douglas Kern
              Ohio # 0072864
              Trial Attorney
              United States Department of Justice
              Civil Rights Division, Criminal Section
              601 D St. NW
              Washington, DC 20004
              (202) 514-3204