UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,  )
                                              )
           v.                           )   Criminal No. 07-192 (ESH)
                                              )
STEPHEN COOK,                 )
          Defendant.             )

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Stephen Cook's motion to dismiss certain counts brought against him based upon multiplicity. Defendant is a Deputy United States Marshal. On August 30, 2005, defendant allegedly used unreasonable force against an inmate, Omar Hunter, who was in the custody of the United States Marshal Service. On August 7, 2007, defendant was indicted on seven counts arising from this incident. Count 1 charges defendant with using unreasonable force against Hunter, thereby depriving him of his civil rights. The remaining counts charge defendant with attempting to cover up his involvement in the Hunter incident by, *inter alia*, filing and conspiring with others to file false Field Reports and witness tampering.

In his motion, defendant argues that Count 4 is multiplicitous with Count 5, and that Count 6 is multiplicitous with Count 7. (Def.'s Mot. at 1.) These counts relate to two phone calls made by defendant on September 28, 2006, and October 23, 2006, in which, the government argues, he encouraged another Deputy United States Marshal to lie to the grand jury about the Hunter incident. (Gov't Opp'n at 2.) Counts 4 and 5 are both based on the September

28 phone call -- Count 4 alleges a violation of 18 U.S.C. § 1512(b)(1) and Count 5 alleges a violation of 18 U.S.C. § 1512[c](2). Likewise, Count 6 alleges a violation of 18 U.S.C. § 1512(b)(1) with respect to the October 23 phone call, and Count 7 alleges a violation of 18 U.S.C. § 1512[c](2) with respect to the October 23 phone call. (Def.'s Mot. at 1-3.) Defendant argues that the charges brought under 18 U.S.C. § 1512(b)(1) and 18 U.S.C. § 1512[c](2) based on the same conduct are multiplicitous under the test laid out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), because conviction under both charges would require proof of essentially the same elements. (*See* Def.'s Mot. at 7.)

The danger of a multiplicitous indictment is that defendant will be given multiple sentences for the same offense, thus violating the Double Jeopardy Clause of the Constitution. This harm, if it exists in this case, can be remedied after trial should the jury return a verdict on all counts. There is no prejudice to defendant in allowing all of the counts to go to the jury, as both sides agree that the pairs of counts are based on exactly the same facts. *See United States v. Clark*, 184 F.3d 858, 872 (D.C. Cir. 1999) ("detect[ing] no prejudice" in allowing multiplicitous counts to be tried where the evidence "was identical"). Moreover, the question of whether a charge under 18 U.S.C. § 1512(b)(1) is multiplicitous with a charge under 18 U.S.C. § 1512[c](2) when based on the same underlying conduct appears to be one of first impression in this jurisdiction. Accordingly, it is most appropriate to allow all of the counts to go to the jury, which would allow the Court of Appeals to address the multiplicity question. *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) ("[M]ultiplicity claims are better sorted out post-trial."); *United States v. Dale*, 991 F.2d 819, 859 (D.C. Cir. 1993) ("Given the absence of controlling D.C. Circuit precedent, the trial court correctly submitted the [potentially

multiplicitous] counts to the jury.") (citing *Garris v. United States*, 491 A.2d 511, 514-15 (D.C.1985)).

 Defendants motion to dismiss [Dkt. # 6] is therefore **DENIED** without prejudice to being renewed after trial.

 **SO ORDERED**.

                 */s/ Ellen S. Huvelle*
                 ELLEN SEGAL HUVELLE
                 United States District Judge

DATE: October 11, 2007