FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-192 (ESH)** |
| | : | |
| **v.** | : | **JUDGE ELLEN S. HUVELLE** |
| | : | |
| **STEPHEN COOK** | : | **TRIAL OCTOBER 23, 2007** |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The Government hereby submits its proposed jury instructions in this matter.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____/s/_____

John Cummings
Assistant United States Attorney
Member Maryland Bar
555 4th Street, N.W., Room 4838
Washington, DC 20530
(202) 514-7561

_____/s/_____

C. Douglas Kern
Ohio # 0072864
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
601 D St. NW
Washington, DC 20004
(202) 514-3204

## I.  GENERAL INSTRUCTIONS & DEFINITIONS

## JURY INSTRUCTION NO.  1

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to each defendants' innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have conscientiously discharged this duty.  I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

**JURY INSTRUCTION NO. 2**

**FUNCTION OF THE COURT [2.01]**

The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

**JURY INSTRUCTION NO. 3**

**FUNCTION OF THE JURY [2.02]**

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses. You should determine the facts without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

**JURY INSTRUCTION NO. 4**

**NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]**

You are specifically cautioned against permitting the character of any charge itself to affect your minds in arriving at your verdict. You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

**JURY INSTRUCTION NO.  5**

**INDICTMENT NOT EVIDENCE [2.06]**

You are reminded that the  indictment is not evidence.  An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial.  You must not use the indictment for any  purpose other than informing yourselves of the charges you are to consider.  In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any  inference of guilt from it.  The opening statements and closing arguments of counsel are also not evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.

**JURY INSTRUCTION NO. 6**

**MULTIPLE COUNTS -- ONE DEFENDANT** [2.52]


A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

**JURY INSTRUCTION NO. 7**

**STATEMENTS AND QUESTIONS BY COUNSEL [2.05]**

The questions put to the witnesses by counsel are likewise not part of the evidence in the case. If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

**JURY INSTRUCTION NO. 8**

**INADMISSIBLE AND STRICKEN EVIDENCE [2.07]**

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been.

If after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations.  Likewise, any other matters to which the court has sustained an objection or which the court has ordered you to disregard are not evidence and you must not consider them.

**JURY INSTRUCTION NO. 9**

**EVIDENCE IN THE CASE [1.04 and 2.04]**

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts stipulated to by the parties. The government and the defendants have stipulated, that is agreed to certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

**JURY INSTRUCTION NO. 10**

**JURY'S RECOLLECTION CONTROLS [2.03]**

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection of the evidence, I instruct you that it is your recollection that should control during your deliberations.

**JURY INSTRUCTION NO. 11**

**NOTETAKING [1.02]**

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. The clerk will give the notebooks to me and I will destroy your notebooks immediately after the trial. No one, including myself, will ever look at your notes.

## JURY INSTRUCTION NO. 12

## DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses.  That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case:  direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  In reaching a verdict in this case, you should  weigh all of the evidence presented, whether it is direct or circumstantial.

## JURY INSTRUCTION NO. 13

## BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof.  Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with each defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the guilt of each  defendant on each and every offense charged in the indictment beyond a reasonable doubt.  This burden of proof never shifts to the defendant throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find the defendant not guilty of that offense. Again, let me remind you as I said before that except as to Count 4 you must consider each count as to each defendant separate from all other counts and defendants.

**JURY INSTRUCTION NO. 14**

**REASONABLE DOUBT [2.09]**

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable.  In criminal cases, such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## JURY INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against a defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important

-16-

or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION NO. 16

### PREPARATION OF WITNESSES

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

United States v. Torres, 809 F.2d 429, 439-440 (7th Cir. 1987).

**JURY INSTRUCTION NO. 17**

**NUMBER OF WITNESSES [2.13]**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe.  It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

## JURY INSTRUCTION NO. 18

### EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS [1.10]

You have heard evidence that certain witnesses made statements on earlier occasions and that those statements may be inconsistent with their testimony here at trial. These earlier statements were brought to your attention to help you in evaluating the witnesses' believability here in court. In other words, if on an earlier occasion a witness made a statement that is inconsistent with his testimony in court, you may consider the inconsistency in judging the credibility of the witness. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

**JURY INSTRUCTION NO. 19**

**ACCOMPLICE TESTIMONY [2.22]**

Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his degree of participation. The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it's fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 20

## WITNESS WITH A PLEA AGREEMENT [2.22A]

You have heard evidence that Bryan Behringer and Michael Sharpstene entered into plea agreements with the government pursuant to which they agreed to testify truthfully in this case and the government agreed to decline prosecution of one or more charges against them, and bring their cooperation to the attention of the sentencing court on the remaining charges.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such witnesses and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness. A witness who realizes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony may have a motive to lie. The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION NO. 21

## FEDERAL SENTENCING GUIDELINES

The Federal Sentencing Guidelines provide detailed rules which the court may apply in sentencing in federal criminal cases.  In order to aid your understanding the testimony of certain witnesses and the specific provisions of their plea agreements, I will instruct you now as to some of the provisions which govern sentencing in federal criminal cases:

The court must consider the Federal sentencing guidelines in imposing an appropriate sentence, however, they are advisory only.  If the government files a motion seeking a sentencing departure pursuant to section 5K1.1 of the Guidelines on behalf of a cooperating witness, and if the judge grants such a motion, the sentencing judge may, but is not required, to select a lower guideline range and sentence the defendant without regard to Guideline provisions which would otherwise be applicable.  The court may also sentence outside the guideline range, either higher or lower, without a motion by the government.

If the Government also files a sentencing departure motion pursuant to the provisions of 18 U.S.C. § 3553(e), supporting the substantial assistance to law enforcement provided by a cooperating witness, and the court grants such a motion, then the sentencing judge may impose a sentence below any statutory minimum sentence otherwise applicable.  But the court is free to ignore such a motion and may, if it chooses, sentence a defendant at or above the minimum mandatory sentence.

**JURY INSTRUCTION NO. 22**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction in connection with your evaluation of the credence to be given the witness's present testimony in court.

## JURY INSTRUCTION NO. 23

### DECISION OF DEFENDANT NOT TO TESTIFY [2.27]

Every defendant in a criminal case has an absolute right not to testify.  The defendants here have chosen to exercise their right to remain silent.  You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the  decision not to testify.

-or-

### DEFENDANT AS WITNESS [2.28]

The defendant has a right to become a witness in his/her own behalf. His/Her testimony should not be disbelieved merely because s/he is the defendant. In weighing his/her testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

-25-

**JURY INSTRUCTION NO. 24**

**LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]**

A law enforcement officer's testimony should be considered by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because that witness is a law enforcement officer.

## JURY INSTRUCTION NO. 25

## CONSENSUAL TAPE RECORDING [3.11]

During the course of this trial, you may have heard the phrase "consensual tape recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation's being tape recorded. It is lawful to conduct consensual tape recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

**JURY INSTRUCTION NO.  26**

**TRANSCRIPTS OF TAPE RECORDINGS [2.30]**

Conversations recorded pursuant to the consensual tape recordings have been received in evidence and played for you.  Transcripts of many of these tape recorded conversations were furnished for your convenience and guidance as you listened to the recording to clarify portions of the recording which are difficult to hear, and to help you identify speakers.  However, the recordings are the evidence in the case; the transcripts although they were available for your use during trial and will be available for your use during deliberations are not themselves evidence they are merely an aid.  If you perceive any variation between the transcripts and the recordings, you must be guided solely by the recordings and not by the transcripts.  If you cannot determine from the recording that particular words were spoken, you must disregard the transcripts so far as those words are concerned.

**JURY INSTRUCTION NO. 27**

**REDACTED DOCUMENTS [2.70]**

During the course of this trial, a number of exhibits have been received in evidence. Sometimes only part of a document relevant to your deliberations is received in evidence. Where this has occurred, I have required the irrelevant parts to be blacked out or deleted. Only the relevant parts have been received in evidence and will be made available to you. Thus, as you examine the exhibits you should consider only the relevant portions that have been received in evidence. You should not guess or speculate about anything that has been taken out.

**JURY INSTRUCTION NO. 28**

**PROOF OF STATE OF MIND [3.02]**

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by a defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate a defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## JURY INSTRUCTION NO. 29

## "ON OR ABOUT" PROOF OF [3.07]

You will note that the indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## JURY INSTRUCTION NO. 30

## CO-CONSPIRATOR STATEMENTS

During the course of this trial, you have heard a number of objections to testimony based on what the witness heard somebody else say.  In some instances, out-of-court statements are considered hearsay and should be excluded.  There are, however, some exceptions to the hearsay rule.  In particular, certain statements made by coconspirators are not considered hearsay at all and are competent evidence for you to consider.  With respect to this evidence, it is up to you to determine whether the statement was made at all, and what weight, if any, to give it.

## JURY INSTRUCTION NO. 31

## "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

## II. CRIMES CHARGED IN INDICTMENT

## JURY INSTRUCTION NO. 32

## COUNT ONE - DEPRIVATION OF CIVIL RIGHTS

## UNDER COLOR OF LAW RESULTING IN BODILY INJURY

Title 18, United States Code, Section 242, makes it a Federal crime or offense for anyone, acting under color of law, to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

The defendant can be found guilty of this offense only if the following facts are proved beyond a reasonable doubt.

First:          That the defendant acted under color of law;

Second:          That the defendant deprived the victim, Omar Hunter, of a right secured or protected by the Constitution or laws of the United States, in this case, the right not to be deprived of liberty without due process of law.

Third:          That the defendant acted willfully; and

Fourth:          The victim suffered bodily injury as a result of the defendant's conduct.

Source(s):

18 U.S.C. 242.

Eleventh Cir. Pattern Jury Instr. Criminal – Offense Instruction 8 (2003 Ed.) (modified).

United States v. Lanier, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

United States v. Price, 383 U.S. 787, 793 (1966) (elements of 18 U.S.C. § 242 offense).

United States. v. Mohr, 318 F.3d 613, 618-19 (4th Cir. 2003).

United States v. Livoti, 196 F.3d 322, 327 (2d Cir. 1999) (listing elements of 18 U.S.C. § 242 offense).

<u>United States v. Williams</u>, 343 F.3d 423, 431-32 (5th Cir. 2003) (explaining elements).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 33

## DEFINITION OF "COLOR OF LAW"

Acting "under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency.  It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.

Consequently, I instruct you that if you find that at the time of the alleged incident, the defendant was a Deputy United States Marshal, and acted or gave the appearance of acting as a law enforcement officer, then you may find that the defendant was acting under color of law as described in the Indictment.

_____

Authorities:

Fifth Circuit Pattern Instructions, No. 2.18 (2003).

Monroe v. Pape, 365 U.S. 167, 183-187 (1961) ("under color    of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law).

Williams v. United States, 341 U.S. 97, 99-100 (1951)    (misuse of lawful authority can constitute action taken under color of law).

Screws v. United States, 325 U.S. 91, 107-11 (1945)    (officers performing official duties, whether they misuse their lawful authority, act under color of law).

United States v. Classic, 313 U.S. 299, 326 (1941) (misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of law).

United States v. Causey, 185 F.3d 407, 414 (5th Cir. 1999)

United States v. Tarpley, 945 F.2d 806, 809 (5th Cir. 1991) cert. denied, 504 U.S. 917 (1992)

Crews v. United States, 160 F.2d 746, 749 (5th Cir. 1947)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 34

## PROTECTED RIGHT -FIFTH AMENDMENT

The second element to be proved is that the conduct of the defendant must have deprived someone present in a State, Territory, Commonwealth, Possession, or District within the United States, including the District of Columbia, of a right secured or protected by the Constitution or laws of the United States.

The specific right that the defendant is charged with violating in this case is Omar Hunter's right not to be deprived of his rights without due process of law pursuant to the Fifth Amendment to the United States Constitution. In this case, the government alleges that the defendant violated Omar Hunter's right to due process by using unreasonable force against Omar Hunter.

The term "unreasonable force" means force that has no legitimate law enforcement purpose. A law enforcement officer is justified in using only that amount of force which he reasonably believes to be necessary to accomplish a legitimate law enforcement purpose, such as holding a person who has been arrested in custody, preventing escape, or defending himself or another from bodily harm. An officer may not use more force than is reasonably necessary to accomplish such legitimate purposes. Retribution, retaliation, and deterrence are not legitimate law enforcement purposes. Thus, you may find that force which was not necessary to accomplish a legitimate law enforcement purpose was unreasonable, even if the use of such force was intended to punish past misbehavior or to deter future misbehavior.

In this case, if you find beyond a reasonable doubt that the defendant used force against Omar Hunter, you must then determine whether the force he used was reasonable or

unreasonable.  In other words, you must determine whether the defendant used an amount of force reasonably necessary to accomplish a legitimate law enforcement purposes such as holding Omar Hunter in custody, preventing his escape, or defending himself or another against bodily harm, or whether, instead, the defendant used more force than reasonably necessary to accomplish those purposes.   In making that determination, you should consider all the circumstances from the point of view of an ordinary and reasonable officer on the scene.

Provocation by mere insulting or threatening words will not excuse a physical assault by a law enforcement officer.  No law enforcement officer is entitled to use force against someone based on that person's verbal statements alone.

If, after considering all the circumstances, you find that the defendant used unreasonable force against Omar Hunter, then you may find that the second element of Count One is satisfied.

Source(s):

Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2001) (applying Fourth Amendment's objective reasonableness claims to excessive force claims grounded in the Fifth and Fourteenth Amendments).

Graham v. Connor, 490 U.S. 386, 396 (1989) (holding that reasonableness must be judged from perspective of reasonable officer on the scene; "Proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.").

Bell v. Wolfish, 441 U.S. 520, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.").

Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000) (quoting Bell in case involving use of force against pretrial detainee).

White v. Roper, 901 F.2d 1501, 1504 -05 (9th Cir. 1990) (same).

Verbal provocation

Payne v. Pauley, 337 F.3d 767, 776 (7th Cir. 2003) ("the First Amendment protects even profanity-laden speech directed at police officers.  Police officers reasonably may be expected to exercise a higher degree of restraint than the average citizen and should be less likely to be provoked into misbehavior by such speech.") (citing City of Houston v. Hill, 482 U.S. 451, 461, (1987)).

United States v. Poocha, 259 F.3d 1077, 1082 (9th Cir. 2001) ("while police, no less than anyone else, may resent having obscene words and gestures directed at them, they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment.') (quoting Duran v. City of Douglas, Ariz, 904 F.2d 1372, 1378 (1990)).

Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 (1st Cir. 1991) (holding that attack by officer after nothing more than verbal provocation and with no motive but punishment constitutes excessive force).

United States v. Cobb, 905 F.2d 784, 787 (4th Cir. 1990)  (approving instruction in § 242 case: "[p]rovocation by mere insulting or threatening words will not excuse a physical assault by a law enforcement officer. Mere words, without more, do not constitute provocation or aggression on the part of the person saying those words. No law enforcement officer is entitled to use force against someone based on that person's verbal statements alone.").

-40-

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 35

## DEFINITION - WILLFULLY

The word "willfully" as that term is used in the Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with the bad purpose either to disobey or disregard the law.

Although the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately did an act that deprived Omar Hunter of a right guaranteed and protected by the Constitution, it is not necessary for the government to prove that the defendant knew that this action would actually violate the Constitution. You may find that the defendant acted with the required intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional rights involved, provided that you find that he deliberately and voluntarily did the act or acts which deprived Omar Hunter of his constitutional rights, that is, that the defendant intended to use and did use unreasonable force against Omar Hunter. It does not matter that a defendant may have also been motivated by anger, revenge, exasperation or some other emotion, so long as the required specific intent was present.

The intent of a person may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of another person's mind. In determining what a person intended, you may consider any statements made and any acts done or not done by that person, as well as all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. In determining a person's intent, you may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done.

-41-

In order to establish a willful deprivation, the government need not show that the acts of the defendant were premeditated or of long duration. If you find that the defendant knew what he was doing and that he intended to do what he was doing, and if you find that what he did constituted a deprivation of a constitutional right, then you may conclude that he acted willfully.

Source(s):

11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 9 (2003 Ed.) (modified).

O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2000), § 29.05 (defining "willfully").

See also:

Screws v. United States, 325 U.S. 91, 107 (1945) (holding that in "determining whether that requisite bad purpose was present the jury would be entitled to consider all the attendant circumstance--the malice of petitioners, the weapons used in the assault, its character and duration, the provocation, if any, and the like.").

United States v. Myers, 972 F.2d 1566, 1573 & n.3 (11th Cir. 1992) (approving instruction: "With regard to specific intent, you are instructed that intent is a state of mind and can be proved by circumstantial evidence. Indeed, it can rarely be established by any other means." "In determining whether this element of specific intent was present, you may consider all of the attendant circumstances of the case." "For example, you may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done. In other words, you may in this case infer and find that the defendant intended all the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from his or her act or acts knowingly done. This would be circumstantial evidence of his intent. However, you must still be convinced beyond a reasonable doubt that the defendant willfully deprived the person in custody of his constitutional rights.").

United States v. Johnstone, 107 F.3d 200, 209-10 (3d Cir. 1997) (approving instructions: "I instruct you that an act is done willfully if it is done voluntarily and intentionally, and with a specific intent to do something the law forbids, that is, as relevant here, with an intent to violate a protected right." "You may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved, here the right to be free from the use of unreasonable or excessive force, provided that you find that the defendant intended to accomplish that which the constitution forbids." "Nor does it matter that a defendant may have also been motivated by hatred, anger or revenge,

or some other emotion, provided that the specific intent which I have described to you is present." "Knowledge and intent may be inferred from all the surrounding circumstances. You may infer, for example, that a person ordinarily intends all the natural and probable consequences of an act knowingly done. In other words, you may infer that a defendant intended all the consequences that a person standing in like circumstances and possessing like knowledge should have expected to result from his acts knowingly done. You are not, of course, required to so infer.").

United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990) (approving instruction: "If you find that a defendant knew what he was doing and that he intended to do what he was doing, and if you find that he did violate a constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that constitutional right.").

United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986) ("it is not necessary for the government to prove that the defendant was thinking in constitutional terms at the time of the incident").

United States v. Garza, 754 F.2d 1202, 1210 (5th Cir. 1985) (approving instruction that "willfully," in § 241 means "that the act was committed voluntarily and purposely with the specific intent to do something the law forbids. That is to say, with a bad purpose either to disobey or to disregard the law.").

United States v. Dise, 763 F.2d 586, 590-91 (3d Cir. 1985) (approving instruction: "I told you that an act is done willfully if it is done voluntarily and intentionally and with a specific intent to do something that the law forbids, that is to say, with a bad purpose to disobey or disregard the law." "You may find that the defendant acted with a requisite specific intent, even if you find that he had no real familiarity with the Constitution, or with the particular constitutional rights involved." "The government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.") and 592 ("although a defendant may not have expressed an intention to violate the Constitution, and indeed may not have recognized that his acts violate the Constitution, he may be found to have willfully violated federal rights if he acted in reckless disregard of the law. . . . [s]uch specific intent may be inferred from . . . circumstantial evidence.").

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 36

## BODILY INJURY

Finally, you must decide whether the defendant's conduct resulted in bodily injury to

Omar Hunter.  The government need not prove that the defendant intended to cause bodily injury.

The government need only prove that bodily injury -- no matter how slight -- resulted from the

defendant's wrongful conduct.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and

includes burns, cuts, abrasions, bruises or physical pain.

Source(s):
18 U.S.C. §§ 831(f)(5); 1365(h)(4), 1515(a)(5), 1864(d)(2) (bodily injury defined for purposes of
other federal statutes).

United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992) (approving jury instruction of
bodily injury that stated, "bodily injury means any injury to the body no matter how temporary.
Bodily injury also includes physical pain as well as any burn or abrasion.").

## JURY INSTRUCTION NO. 37

## COUNT TWO - CONCEALMENT OR FALSIFICATION OF A MATERIAL FACT

The defendant is charged in Count Two with a violation of 18 U.S.C. §1001(a)(1) or in the alternative, 18 U.S.C. §1001(a)(2).

Section 1001(a)(1) focuses on the concealment of material facts and makes it a crime to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact within the jurisdiction of the executive branch of the United States Government.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant knowingly and willfully falsified, concealed, or covered up a fact; specifically, his use of force against Omar Hunter. |
| Second: | That the defendant did so by a trick, scheme, or device, that is, by acting in a way intended to deceive others. |
| Third: | That the subject matter involved was within the jurisdiction of the executive branch of the United States Government; |
| Fourth: | That the fact was material to the investigation into the defendant's use of force against Omar Hunter, and |
| Fifth: | That the defendant had a legal duty to disclose the material fact. |

While 18 U.S.C. §1001(a)(1) focuses on the concealment of a material fact, 18 U.S.C. §1001(a)(2) focuses on making a false statement. Section 1001(a)(2) makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States Government. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:        That the defendant made a false, fictitious, or fraudulent, statement or representation to the government; specifically the defendant's description of the force used against Mr. Hunter in his Field Report;

Second:    That the defendant made the statement knowing it was false;

Third:      That the defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

Fourth:    That the statement was made in a matter within the jurisdiction of the executive branch of the United States Government, and

Fifth:       That the statement was material to the investigation into the defendant's use of force against Omar Hunter.

In evaluating both sections 1001(a)(1) and 1001(a)(2), I also instruct you as follows:

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the executive branch of the United States Government.

It is not necessary for the government to prove that the executive branch of the United States Government was in fact influenced in any way.

-46-

You are instructed that the United States Marshals Service is an agency within the executive branch of the United States Government.

## JURY INSTRUCTION NO. 38

## COUNT 3- CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES

## 18. U.S.C. § 371

The defendant is charged in Count Three of the indictment with participating in a conspiracy to Commit Offenses Against the United States. Count Three charges, in pertinent part, that between on or about August 30, 2005, and continuing through on or about October 23, 2006, within the District of Columbia and elsewhere, the defendant did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others to unlawfully, knowingly, and intentionally, impede, obstruct, hinder, delay, and corruptly influence the investigation into the use of unreasonable force by Defendant Stephen Cook. .

The conspiracy charged in Count Three of the indictment is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. A conspiracy to commit a crime is itself a crime. This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed.

Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed. A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a kind of partnership in crime.

For you to find a defendant guilty of conspiracy, the government must prove each of the

following elements beyond a reasonable doubt:

<u>First Element</u>

First, the government must prove that beginning sometime between on or about August 30, 2005, and continuing through on or about October 23, 2006,  an agreement existed between at least two people to commit a federal crime, namely to impede, obstruct, hinder, delay, and corruptly influence the investigation into the use of unreasonable force by Defendant Stephen Cook.  The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details.  The agreement may be very informal, and the existence of such an agreement may have to be inferred from the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy.  On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show a conspiracy.  It is enough that the government proves beyond a reasonable doubt that there was a  common understanding among those who were involved to commit the crime of conspiracy.  So, the first thing that must be shown is the existence of an agreement.

It is not essential that the government prove that the conspiracy began or ended on the specific dates set forth in the indictment, or that the conspiracy was in existence for any particular length of time, or that all the parties named in the indictment were part of the conspiracy.  The government is required to prove beyond a reasonable doubt, however, that the charged conspiracy existed in fact for some time within the period set forth in the indictment, on or about August 30, 2005, and continuing through on or about October 23, 2006.

<u>Second Element</u>

The second element of the offense is that the defendant knowingly and willfully participated in the conspiracy and did so with the specific intent to impede, obstruct, hinder, delay, and corruptly influence the investigation into the use of unreasonable force by Defendant Stephen Cook.  The government must show a defendant's membership in the conspiracy.  The defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, nor the means by which its purposes were to be accomplished.  Each member of the conspiracy may perform separate and distinct acts.  It is necessary, however, that the government prove beyond a reasonable doubt that the defendant was aware of the common purpose to  impede, obstruct, hinder, delay, and corruptly influence the investigation into the use of unreasonable force by Defendant Stephen Cook, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy.

An act is done willfully if it is done knowingly, intentionally, and deliberately.  In other words, before you may find that a defendant has become a member of a conspiracy, the evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly participated in the unlawful plan with the intent to advance or further some objective or purpose of the conspiracy.  To participate knowingly means to do so voluntarily and intentionally, and with the specific intent to do something that is against the law, and not because of mistake, inadvertence, or accident.  Although one may become a member of a conspiracy without full knowledge of all the details, a person who has no knowledge of or intent to join the conspiracy, but just  happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not

thereby himself become a conspirator. Also, merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant. You must, of course, first determine whether the government has proved beyond a reasonable doubt that a conspiracy existed.

In finding whether the government has proved beyond a reasonable doubt the alleged conspiracy, you should understand that proof of several, separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single conspiracy that the indictment charges. What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the defendant as to that charge. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy. In other words, to find a defendant guilty you must find that he was a member of the conspiracy charged in the indictment and not some other, separate conspiracy.

You also may consider even non-criminal acts and the statements of any other member of

the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all. In this connection, I refer you to the court's instruction on co-conspirator statements. (*See* Jury Instruction No. __.)

### Third Element

_____Third, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are:

(a)    On or about August 30, 2005, Defendant STEPHEN COOK and a co-conspirator, hereinafter referred to as "co-conspirator A", discussed the submission of false Field Reports to their supervisor at the United States Marshals Service that would conceal Defendant STEPHEN COOK's use of unreasonable force against Omar Hunter on or about August 30, 2005.

(b)    On or about August 30, 2005, Defendant STEPHEN COOK wrote a false Field Report regarding his use of unreasonable force against Omar Hunter.

(c)    On or about August 30, 2005, Defendant STEPHEN COOK gave a copy of his false Field Report to co-conspirator A, so that co-conspirator A could write a false Field Report that would be consistent with the false Field Report written by Defendant STEPHEN COOK.

(d)     On or about August 30, 2005, co-conspirator A, after reviewing the false Field Report written by Defendant STEPHEN COOK, also wrote a false Field Report regarding Defendant STEPHEN COOK's use of unreasonable force against Omar Hunter on August 30, 2005.

(e)     On or about September 1, 2005, STEPHEN COOK and co-conspirator A submitted their false Field Reports, as set forth in Overt Acts (b) and (d) above, to their supervisor at the United States Marshals Service.

(f)     During the month of September of 2005, co-conspirator A contacted another co-conspirator, hereinafter referred to as "co-conspirator B", and advised co-conspirator B that co-conspirator B was expected to file a Field Report regarding this incident, and provided co-conspirator B with information contained in Defendant STEPHEN COOK's false Field Report.

(g)     On or before September 22, 2005, co-conspirator B wrote a false Field Report regarding Defendant STEPHEN COOK's use of unreasonable force against Omar Hunter, and submitted the report to his supervisor at the United States Marshals Service.

(h)     On or about September 28, 2006,  Defendant STEPHEN COOK, upon learning that co-conspirator A had been subpoenaed to testify before the Grand Jury, spoke with co-conspirator A, and told him to provide false information to the Grand Jury regarding Defendant STEPHEN COOK'S use of unreasonable force against Omar Hunter.

(i)     On or about October 23, 2006, Defendant STEPHEN COOK had another conversation with co-conspirator A, and told him to provide false information to the Grand Jury regarding Defendant STEPHEN COOK'S use of unreasonable force against Omar Hunter.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

<u>Summary</u>

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that from on or about August 30, 2007, until on or about October 23, 2006, there was an agreement to impede, obstruct, hinder, delay, and corruptly influence the investigation into the use of unreasonable force by Defendant Stephen Cook; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

**JURY INSTRUCTION NO. 39**

**COUNTS FOUR AND SIX - WITNESS TAMPERING**

The crime of tampering with a witness, as charged in Counts Four and Six of the indictment, has two elements. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:     That the defendant knowingly used corrupt persuasion against Bryan Behringer; and

Two:     That the defendant did so with intent to influence, delay, or prevent the testimony of Bryan Behringer in the grand jury that was investigating the defendant's use of force.

To corruptly persuade someone means to persuade with consciousness of wrongdoing.

To act with "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his or her testimony in some way. It is not necessary for the Government to prove that the person's testimony was, in fact, changed in any way.

### III.  JURY DELIBERATIONS

### JURY INSTRUCTION NO. 40

### ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses.  Now I want to give you a few instructions about how you will conduct yourselves as jurors.  Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you.  When you retire to the jury room, you will select one from among your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson before the court in the event there is any matter about which you wish to communicate with the court.

## JURY INSTRUCTION NO. 41

### UNANIMITY [2.72]

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, it is necessary that each juror agree to the verdicts.  Your verdicts must be unanimous. You should feel free, however, to consider and deliberate on the counts in any order that you prefer.  There is no requirement that you consider the charges against the defendants in any particular order, so long as you reach a unanimous verdict on all counts.  A verdict must represent the considered judgment of each juror.  As you know, your verdict on each count must be unanimous.  Each juror must agree on it.  It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous.  On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict.  Remember at all times that you are not partisans; you are judges of the facts.

**JURY INSTRUCTION NO. 42**

**PUNISHMENT NOT RELEVANT [2.74]**

The question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way.  You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

## JURY INSTRUCTION NO. 43

### EXHIBITS [2.73]

I am sending all of the exhibits that have been received in evidence with you as you retire for your deliberations.  The exhibits that have been entered into evidence are labeled with letters and numbers.  The system of labeling and numbering exhibits is simply to help the parties organize the presentation of the case.  You are to attach no particular significance to the system employed to label certain exhibits with letters and numbers or the fact that some exhibits are not in sequence.

**JURY INSTRUCTION NO. 44**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING**

**JURY'S DELIBERATIONS [2.75]**

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant until after you have reached a unanimous verdict. This means, for example, that you should never state to the court that the jury is divided 6 to 6, 7 to 5, or 11 to 1, or in any other fashion, whether for conviction or acquittal.

**JURY INSTRUCTION NO. 45**

**VERDICT FORM [2.77]**

As I indicated earlier, a verdict form for the defendant has been prepared for your convenience.  You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**JURY INSTRUCTION NO. 46**

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I have provided each of you with a written copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others.  The fact that you have been  provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary.  Please return the instructions to me when your verdict is rendered.

## JURY INSTRUCTION NO. 47

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate.  First, during the period of deliberations, we will convene in court each day the same way we have, Monday through Friday, 9:00 a.m. to 5:00 p.m.  You will deliberate at your pace, you decide how much time it takes you to fairly and  impartially consider each of the counts that you will be presented on the verdict form.  The verdict form is lengthy.  There are places on the form where you need to decide guilty or not guilty as to each of the counts in the indictment and there will be some places where you have to fill in your findings on amounts of drugs involved.

During the course of that time, we will convene each day at 9:00 a.m. and close at 5:00 p.m.  I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to.  Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock.  You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present.  Nor may you discuss this case anywhere except in the jury room in the presence of all your fellow jurors.  You can't have any separate discussion or deliberations unless all twelve are present.  Once all twelve are present, then your foreperson can say, we can begin the discussions.  And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present.  That's the only rule you really have to follow during the time of your deliberations.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but

-63-

I will give counsel an opportunity to comment on what my response will be before I respond.  So sometimes there may be some delay in responding to your note until I get all counsel here and have a hearing on what I should say to you because they're entitled to know what I am going to say.

**JURY INSTRUCTION NO. 48**

**ALTERNATE JURORS**

Ladies and gentlemen, as you recall, two of you were designated as alternates at the beginning of the trial and in a moment I will excuse jurors in seats numbered _____ , and I thank you for your participation in this trial.  While you alternate jurors will not begin deliberations with the 12 regular jurors, it is possible that one or more of you could be called to deliberate at some future time.  Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time.  The court will notify you when the jury has completed its deliberations.  When that occurs, your jury service will be discharged and at that time you will be given further instructions regarding your ability to talk about this case.

**JURY INSTRUCTION NO. 49**

**TAKING THE VERDICT**

I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you. The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk. The deputy clerk will then do what we call publish the verdict. The deputy clerk will read out loud the verdict that you have entered. Now, I gave you an instruction in here that you can return a verdict as to any count any time you decide you want to return a verdict if unanimous. It's up to you how you want to go through that. But at any point when you have returned a verdict, either full or partial, the verdict would be announced in open court by the deputy clerk reading it. At that point, just so you know how it works, the clerk will say to the foreman, is that the verdict as just announced?

Any party can ask that the jury be polled on the verdict as just announced. If there is a request for a poll, I then direct the clerk to poll the jury. The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1. We just go all down the line until all twelve jurors have been polled. If anyone says no, my job is easy. We don't have a unanimous verdict and I ask you to retire to the jury room and come back when you have a unanimous verdict. That's all polling the jury is, though, just so you know how the process works when you come back. Let me see counsel at the bench now to see if there are any other matters we need to cover.

-66-