UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:07-CR-192 |
| | : | |
| | : | Hon. Ellen S. Huvelle |
| | : | |
| V. | : | GOVERNMENT'S MOTION TO |
| | : | SUPPLEMENT GOVERNMENT'S |
| | : | REPLY TO "DEFENDANT STEPHEN |
| | : | COOK'S MOTION TO SUPPRESS HIS |
| STEPHEN COOK, | : | INVOLUNTARY STATEMENT MADE |
| | : | IN HIS FIELD AND USE OF FORCE |
| Defendant. | : | REPORTS" |

Now comes the government, by and through its undersigned counsel, and, pursuant to the Court's invitation on October 15, 2007, hereby moves the Court to allow the Government to supplement the Government's Reply to "Defendant Stephen Cook's Motion to Suppress His Involuntary Statement Made in his Field and Use of Force Reports" (hereafter "Reply"). In addition to the arguments and analysis contained in the Reply, the government asks the Court to consider the following arguments and analysis related to United States v. Veal, 153 F.3d 1233, 1998 U.S. App. LEXIS 38861 (11th Cir. 1998), when assessing Defendant Stephen Cook's Motion to Suppress. As the following analysis and arguments will demonstrate, Veal is highly applicable to this case. Veal demonstrates that Garrity does not protect the falsely exculpatory statements of a law enforcement officer. Thus, such statements are admissible as evidence for a charge of 18 U.S.C. § 1001 and related charges of dishonesty. Similarly, in the current case, Cook's USM-133 and USM-210 reports are admissible, as Cook has been charged with 18 U.S.C. § 1001 and related offenses of dishonesty. Thus, *because Garrity does not protect the compelled false statements of a law enforcement officer, the statements in this case are not protected by Garrity.*

In Veal, law enforcement officers challenged the admissibility of several statements that they made to superior officers under the protection of Garrity vs. New Jersey, 385 U.S. 493 (1967). In these statements, the officers made numerous falsely exculpatory statements in which they denied criminal involvement in a homicide. Veal, 1998 U.S. App. LEXIS at *6. These statements were admitted as evidence at a trial in which the officers were charged with making false statements under 18 U.S.C. § 1001 and tampering with witnesses under 18 U.S.C. § 1512(b)(3). The officers argued that "statements declared to be protected by Garrity are forever barred from use in any prosecution, including one for perjury, false statements, or obstruction of justice." Veal, 1998 U.S. App. LEXIS at *16. The court disagreed, finding that "[a]n accused may not abuse Garrity by committing a crime involving false statements and thereafter rely on Garrity to provide a safe haven by foreclosing any subsequent use of such statements in a prosecution for perjury, false statements, or obstruction of justice. [...] Garrity does not prevent the admission of *false* statements in a trial for perjury or obstruction of justice, crimes that occurred at the time that the false statements were given. Logically, the statements would have to be admitted in a perjury or obstruction of justice trial for the jury to determine the falsity." Veal, id. at *27-*28, *31.

The court in Veal further noted that:

> "While they [the defendants] feared the loss of their jobs if they claimed the Fifth Amendment and remained silent, Garrity did not afford them refuge to give false statements to investigators and not be prosecuted for obstruction of justice. Their deliberate, false statements resulted from their independent, voluntary choices and impeded the investigation of Mercado's death. By giving false statements, they obstructed justice relating to the investigation of Mercado's death and provided the avenue for prosecution in this case which would have been unavailable had they remained silent." Id. at *33-*34.

In support of this finding, the court in Veal cited multiple Supreme Court cases in support of its conclusion that compelled false statements are admissible as evidence of the crime of false statements and related crimes of dishonesty. See, e.g., United States v. Apfelbaum, 445 U.S. 115

(1980)(neither immunity statutes nor the Fifth Amendment preclude the use of immunized testimony at a subsequent prosecution for making false statements); United States v. Knox, 396 U.S. 77 (1969)(it is never possible to testify falsely without incurring potential prosecution for perjury or false statements); Bryson v. United States 396 U.S. 64 (1969)(a citizen may decline to answer a question of a government investigator, or answer it honestly, but it is never permissible to answer with a falsehood); Brogan v. United States, 522 U.S. 398 (1998)(nothing in the Fifth Amendment confers a privilege to lie).

The court in Veal also cited cases from other circuits in support of the holding that compelled false statements may properly be used as evidence against the defendant who made the statements, when the defendant is charged with making false statements. See, e.g., United States ex rel. Annunziato v. Deegan, 440 F.2d 304 (2nd Cir. 1971)(if public employee is put to the "Hobson's Choice" of self-incrimination or unemployment, that public employee has no privilege to lie); United States v. Devitt, 499 F.2d 135 (7th Cir. 1974)(Garrity and its progeny provide no protection to shield a witness against prosecution for knowingly giving false statements); Fraternal Order of Police, Lodge No. 5 v. Fraternal Order of Police, Lodge No. 5, 859 F.2d 276 (3d Cir. 1988)(the Fifth Amendment does not protect a citizen against the consequences of committing perjury).

The D.C. Circuit has accepted this precedent. In United States v. White, 281 U.S. App. D.C. 39, 1989 U.S. App. LEXIS 15570 (D.C. Cir. 1989), the court noted that, when asked a potentially incriminating question by a government investigator, a defendant could refuse to answer or answer truthfully under the protections of Garrity, but "...he chose a third, unprotected response: He lied. He cannot now avail himself of the fifth amendment." White, 1989 U.S. App. LEXIS 15570, at *22-*23.

Altogether, exceedingly strong legal precedent demonstrates that when a law enforcement

officer elects to make false statements to a government investigator, those statements are admissible for a subsequent prosecution of making false statements, perjury, tampering with a witness, or related crimes of dishonesty, irrespective of whether the statements were compelled under threat of termination.

The applicability of this holding to the instant case is obvious. Here, as in Veal, the defendant made falsely exculpatory statements (in the form of completed and submitted USM-133 and USM-210 forms) that denied his involvement in a potentially criminal act. Here, as in Veal, the defendant faces a subsequent prosecution for making those falsely exculpatory statements. Here, as in Veal, the defendant wrongly claims that, as his reports were allegedly compelled under Garrity, they should be excluded from his subsequent prosecution for making false statements. Indeed, the only substantial difference between the instant set of facts and the facts in Veal is that, in the instant set of facts, the defendant's reports were not compelled (as the government has argued in the Reply and at the oral motions hearing for this matter).[1]

Thus, for two different reasons, the defendant's argument that his reports cannot be used against him fails. First, as argued in the government's initial motion and at oral argument, the defendant's reports were not compelled; thus, Garrity does not apply. Second, even if this Court should disagree and find that the reports were compelled, Veal and numerous other cases have clearly held that a defendant who makes false statements cannot avail himself of Garrity's

---

[1] It is true that, in the instant case, the defendant is facing both charges related to dishonesty and additional charges, whereas the defendants in Veal were only facing charges related to dishonesty. This distinction is irrelevant. Cook's reports are not incriminating as to the 18 U.S.C. § 242 charge, as the contents of his reports are entirely exculpatory. The reports in question cannot inculpate Cook as to the charges unrelated to dishonesty; thus, they present no self-incrimination problem under the Fifth Amendment. Should the Court find these arguments insufficient, the Court may issue a limiting instruction to the jury that admonishes the jury to consider Cook's USM-133 and USM-210 reports as evidence only in respect to the 18 U.S.C.§ 371, 18 U.S.C. § 1001, and 18 U.S.C. § 1512 charges.

protections.

Finally, the government has found no case law indicating that the government must meet any threshold of evidence to prove that the false statements in question are indeed false for purposes of having those statements admitted into evidence. For example, in Veal the court made no mention of any evidence that the Government was required to present before the false statements in question would be admitted. Indeed, as the falsehood of such statements is the ultimate question when the crime of making false statements is charged, it would be improper for the government to have to prove its case-in-chief to a judge before proving its case-in-chief to a jury. Nevertheless, the government submits that, as a duly empaneled federal grand jury has found probable cause for the government to pursue a charge of making false statements against the defendant, the government has met any burden it may have to admit the defendant's false statements into evidence. Should the Court require additional evidence in this regard, the government will provide it. Moreover, at the trial of this matter, the government will present evidence to prove beyond a reasonable doubt that the reports in question are indeed false.

Wherefore, the government moves that, for the reasons set forth in this Motion and in the government's Reply, the Court overrule "Defendant Stephen Cook's Motion to Suppress His Involuntary Statement Made in his Field and Use of Force Reports," and permit the introduction into evidence of the Defendant's USM-133 and USM-210 reports for all charges to which they are applicable.

Respectfully submitted,

**/s/ Douglas Kern**
Douglas Kern
Trial Attorney
U.S. Department of Justice

Civil Rights Division
Criminal Section
601 D St. NW
Washington, DC 20004
E-mail: doug.kern@usdoj.gov