<table>
<tr><td>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA</td><td>**FILED**<br>OCT **1 6** 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT</td></tr>
</table>

UNITED STATES OF AMERICA, )
)
)
)
v. ) Criminal No. 07-192 (ESH)
)
STEPHEN COOK, )
)
Defendant. )
)

## ORDER

Based upon the status conference held on October 15, 2007, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss Based on Outrageous Government Misconduct and Entrapment [Dkt. # 8] has been withdrawn.

2. The government has notified the Court that it has elected to proceed on its witness tampering counts (Counts IV and VI) but not its obstruction of justice counts. Accordingly, Counts V and VII of the indictment will be dismissed.

3. The Court's Memorandum Opinion and Order dated October 12, 2007 [Dkt. # 16] re: defendant's motion to dismiss based on multiplicity is hereby vacated as moot.

4. On Monday, October 22, 2007, at the conclusion of voir dire, the Court will take up any objections to the government's transcription of the three recorded telephone conversations, as well as any objections to the government's trial exhibits. Defense counsel shall file any objections to the transcriptions by noon on Friday, October 19, 2007.

5. At the conclusion of voir dire defense counsel shall provide the government with

the social security numbers and dates of birth for all potential defense witnesses.

6. The government shall provide its trial exhibits and any Jencks material to defense counsel before the close of business on Friday, October 19, 2007.

7. Both sides shall file their proposed jury instructions via the ECF system before the close of business on Tuesday, October 16, 2007.

8. The revised voir dire is attached.

**SO ORDERED.**

_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  October 16, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,      )
                               )
                               )
                               )
           v.                  )    Criminal No. 07-192 (ESH)
                               )
STEPHEN COOK,                  )
                               )
           Defendant.          )
                               )

## VOIR DIRE

This is a criminal trial in which Stephen Cook, a United States Marshal, is charged with the offenses of deprivation of civil rights, false statements, conspiracy, and two counts of witness tampering arising from an event that occurred on August 30, 2005, at the D.C. Superior Courthouse lockup involving Omar Hunter.

1. Are any of you familiar with the facts of this case, or read or heard anything about the case?

2. The government is represented by Assistant United States Attorney John Cummings, and Douglas Kern, an attorney from the United States Department of Justice (stand). Do any of you know either of these attorneys in any capacity?

3. The defendant is represented by William Moffitt and Pleasant Brodnax, Esquires (stand). Do any of you know either of these attorneys in any capacity?

4. The defendant's full name is Stephen Cook, and he is employed by the U.S. Marshal Service. Do any of you know this defendant?

5. [*Government and defense witnesses*] Do any of you know any of the witnesses that

-1-

      have just been introduced to you?

6.    The defendant has been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him/her. You are not to consider the indictment as any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt. The burden of proving him or her guilty beyond a reasonable doubt rests with the government, the prosecutor, and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence or produce any evidence, or testify. Now, those principles of law will underlie the trial of this case. Is there anyone who feels that they will be unable to follow those principles of law if selected as a juror in this trial?

7.    If it should come to pass, after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law -- if you are then persuaded by the trial itself that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. Is there anyone who feels that they would be unable to carry out that duty?

8.    On the other hand, if after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law -- if you then have a reasonable doubt as to the defendant's guilt of the charge, then you must vote not guilty. Is there anyone who feels that they could not carry out <u>this</u> responsibility?

9.    [*If officers will testify*]  In this case, law enforcement officers will be a witnesses.

       Would any of you be inclined to give greater or lesser weight to a law enforcement officer's testimony than that of other witnesses, simply because he is a law enforcement officer?

10. Have you, a member of your immediate family, or a close personal friend either presently or previously been employed by any law enforcement agency? Law enforcement agency includes any police department, in or outside the District, special police officers, prosecutor's offices, U.S. Attorney's Office, D.C. Corporation Counsel, correctional officers, Department of Justice, U.S. Marshal's Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, probation office, parole office, D.C. Superior Court, and the U.S. District Court.

11. Have you ever served in any branch of the armed services?

12. Are any members of the jury panel, or your family members or close friends currently employed or have been previously employed by a criminal defense lawyer, or have been involved in any way in the defense of a criminal case?

13. Are any of you either a lawyer or studied law in a law school?

14. Has any member of the jury panel ever served on a Grand Jury?

15. Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court or in a court located in some other state?

16. Do any of you now, or have you within the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

17. Has any member of that group been a <u>victim of</u> or a <u>witness to</u> the same or similar

type of crime as the crimes charged in this case, or has any member of that group been <u>arrested, charged</u> with a crime, or <u>found guilty</u> or gone to jail for the same or a similar type of crime as the ones charged in this case (*i.e.* Deprivation of Civil Rights, False Statements, and Witness Tampering)?

18. Has any member been either a victim of, a witness to, or arrested or convicted of <u>any</u> <u>crime</u> which has so affected you that it could interfere with your ability to be fair and impartial in this case?

19. Has any member of the panel, a member of your immediate family, or a close friend, ever been processed through the United States Marshals Service's cellblock, located in the Superior Court of the District of Columbia, following an arrest?

20. The indictment charges the defendant with violation of a federal statute including 18 U.S.C. 242. This law prohibits government employees, including law enforcement officers, from violating the rights of the people, including prohibiting the use of excessive force. Does any member of the panel feel that the federal government should not be involved in prosecuting law enforcement officers in cases involving allegations of the use of unreasonable force?

21. One may believe that the job a law enforcement officer is so difficult, stressful, and important, that it is wrong to question the actions of a law enforcement officer by prosecuting them for wrongdoing which occurs in the course of performing their official duties. Do any of you share this view?

22. One may believe that it is proper for a law enforcement officer to use excessive force against a prisoner for the purpose of making an example of him to other prisoners,

or to scare other prisoners into complying with the officer's future commands. Does any member of the panel believe that it is proper for a law enforcement officer to use excessive force in order to establish fear and compliance from prisoners?

23. If the United States proves its case against the defendant beyond a reasonable doubt, would any member of the jury hesitate to return a verdict of guilty simply because the defendant is a law enforcement officer?

24. The victim in this case, Omar Hunter, was under arrest at the time the government alleges that the defendant used excessive force against him. Do any of you feel that because Omar Hunter was under arrest he should not be entitled to the protection of his civil rights, or that because he was under arrest he should receive less protection than the law allows?

25. You may hear testimony from witnesses who participated in the crimes that the defendant is charged with and have entered into plea agreements with the government. Will these facts alone cause you to reject the witnesses' testimony?

26. Have you or a member of your family had any legal action or dispute with the United States or any of its agencies, or any office, agent, or employees of the United States?

27. As a result of any arrest, have you, a family member or close friend ever been jailed, processed or otherwise detained by law enforcement?

28. Have you, a family member, or a close friend ever dealt directly or indirectly with a member of the United States Marshal Service, or ever been employed by the Marshal Service?

29. Have you, a family member or a close friend ever been threatened, accosted, harassed, hit, or beaten by any law enforcement agent?

30. Have you, a family member, or close friend ever been under an internal workplace investigation or dispute?

31. Do you currently supervise or have you ever supervised others while employed?

32. Are you supervised by others at your job?

33. If you, a family member or a close friend have ever worked for a law enforcement agency, has anyone in that group ever been the subject or involved in an internal affairs investigation?

34. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

35. Is there any reason that you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively and impartially in this case?

36. I expect this case to take approximately 5-6 days to try. Does anyone have any hardship? (*i.e.*, physical or emotional impairment, medication that makes it hard to pay attention or causes you to fall asleep, religious or moral convictions, or any other substantial hardship)