IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 1:07-CR-192 (ESH) |
| STEPHEN COOK | ) | |
| | ) | |
| Defendant. | ) | |

## STEPHEN COOK'S PROPOSED JURY INSTRUCTIONS

The Defendant, by and through his undersigned attorneys, respectfully requests that, at the trial of the above-captioned matter, the Court give the following numbered instructions from Criminal Jury Instructions for the District of Columbia (4th ed., revised 2004) (the "Red Book"), as well as the attached supplemental instructions taken from Modern Federal Jury Instructions 2006 (2 L. Sand, et al., Modern Federal Jury Instructions - Criminal).

### Instructions Before Trial

1.03        Preliminary Instructions before Trial

1.02A      Notetaking by Jurors

1.21        Preliminary Instruction to Jury where Identity of Alternates Is Not Disclosed

1.22        A Juror's Recognition of a Witness or Other Party Connected to the Case

1.07        Question Not Evidence

1.16        Cautionary Instruction on Publicity

### Instructions During Trial

1.05        Cautionary Instruction Prior to First Recess

1.10        Evaluation of Prior Inconsistent Statement of a Witness

1.11        Evaluation of Prior Consistent Statement of a Witness

1.12A       Impeachment by Proof of Pending Case, Probation, or Parole

2.04        Evidence in the Case - Stipulations

2.30        Transcripts of Tape Recordings

**Evaluation of Testimony**

2.22        Accomplice's Testimony

2.22A       Witness With a Plea Agreement

2.26        Law Enforcement Officer's Testimony

2.27        Right of Defendant Not To Testify [if applicable]

2.28        Defendant As Witness [if applicable]

**Evaluation of Other Evidence**

2.42        Character and Reputation of Defendant [if applicable]

2.43        Cross-Examination of Character Witness [if applicable]

2.52        Multiple Counts - One Defendant

**Definitions and Proof**

3.02        Proof of State of Mind

3.07        "On or About"

3.11        Consensual Tape Recording

Suppl. 1    Deprivation of Civil Rights [Excessive Force]

Suppl. 2    False Statements

Suppl. 3    Conspiracy [4.93, as modified]

Suppl. 4    Co-Conspirator Liability [4.02A, as modified]

Suppl. 5        Tampering With a Witness [Title 18 U.S.C. § 1512(b)(1)]

Suppl. 6        Tampering With a Witness - Affirmative Defense [Title 18 U.S.C. § 1512(e)]

**<u>Final Instructions</u>**

2.01        Function of the Court

2.02        Function of the Jury

2.03        Jury's Recollection Controls

2.04        Evidence in the Case [testimony, exhibits]

2.05        Statements of Counsel

2.06        Indictment Not Evidence

2.07        Inadmissible and Stricken Evidence [if applicable]

Suppl. 7        Burden of Proof - Presumption of Innocence

Suppl. 8        Reasonable Doubt

2.10        Direct and Circumstantial Evidence

2.11        Credibility of Witnesses

2.12        "Falsus in Uno"

2.13        Number of Witnesses

2.14        Nature of Charges Not to Be Considered

**<u>Closing Remarks</u>**

2.71        Selection of Foreperson

2.72        Unanimity

2.73        Exhibits During Deliberations

2.74        Possible Punishment Not Relevant

2.75        Communications Between Court and Jury During Jury's Deliberations

2.76        Furnishing the Jury With a Copy of the Instructions

2.77        Use of the Verdict Forms

Respectfully Submitted,

STEPHEN COOK
By Counsel


_____/s/_____
William B. Moffitt


_____/s/_____
Pleasant S. Brodnax, III

MOFFITT & BRODNAX
The Mills Building, Suite 400
1700 Pennsylvania Avenue, Ave., NW
Washington, DC 20006
(202) 462-1100
valawyer@erols.com


CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2007, I electronically filed these Proposed Jury Instructions with the Clerk of Court using the CM/ECF system, which sent notification to counsel of record.

_____/s/_____
Pleasant S. Brodnax, III

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 1

DEPRIVATION OF CIVIL RIGHTS (Excessive Force)


In order to prove the crime of depriving another of a right under color of law, as set forth in Count One of the Indictment, the government must establish beyond a reasonable doubt each of the following facts:

First, that on or about August 30, 2005, the defendant acted under color of law.

Second, that in so doing, the defendant deprived, or caused to be deprived, the complainant of a right which is secured by the Constitution of the United States - that is, the right not to be subjected to unreasonable force while being detained.

Third, that the defendant acted willfully.

Fourth, that the defendant's acts resulted in bodily injury to the complainant.


First Element

The first element which the government must establish beyond a reasonable doubt is that the defendant acted under color of law.

This means that the defendant acted pursuant to, or was clothed with, authority to perform the act under state or federal law. Color of law means under pretense of law. You may find, therefore, that the defendant acted under color of law if he was a deputy United States marshal and was performing his official duties during the alleged incident. That is to say, you must find that the act was done while the defendant was acting, or purporting to act, in the performance of his official duties, whether or not the defendant had actual

authority to perform that duty.

He who acts under color of law may be a federal officer or a state officer. He may act under color of federal law or state law or any ordinance of any county or municipality of the state or any regulation issued by any state, county, or municipal official or even pursuant to some state or local custom.

If you find, therefore, that on or about August 30, 2005, the defendant was a deputy United States marshal and was acting, or purporting to act, in the performance of his official duties, the first element of the offense will be satisfied.

Second Element

The second element which the government must prove beyond a reasonable doubt is that the defendant deprived the complainant of a federal right.

The rights encompassed by section 242 include those protected or guaranteed by federal law or the United States Constitution. I instruct you that the right to not be subjected to unreasonable force while being detained is such a right. If you find, therefore, that the act performed by the defendant caused the complainant to be subjected to unreasonable force while being detained, the second element of the offense will be satisfied.

If you find that the defendant used force against the detainee, you should consider whether the force used by him against the complainant was reasonable or whether it was greater than the force which would have been necessary under the circumstances to an ordinary and reasonable officer in the same circumstances. This element is only satisfied if the defendant used unreasonable force against the complainant.

Third Element

The third element which the government must prove beyond a reasonable doubt is that the defendant acted willfully.

"Willfully" means that the defendant acted voluntarily and intentionally, with the intent not only to act with a bad or evil purpose, but specifically to act with the intent to deprive a person of a federal right made definite by decisions or other rule of law - that is, either by the express terms of the Constitution or by federal law or by decisions interpreting them.

To find that the defendant acted willfully, and to convict, therefore, you must find that the defendant not only had a generally bad or evil purpose, but also that the defendant had the specific intent to deprive the detainee, Omar Hunter, of the federal right to not be subjected to unreasonable force while being detained.  This does not mean, however, that the government must show that the defendant acted with knowledge of particular provisions of the Constitution or federal law, or that the defendant was even thinking in those terms.  It is enough that the federal right is clearly defined and that the defendant intended to invade interests protected by the Constitution of federal law.

One may be said to act willfully if one acts in open defiance or in reckless disregard of a known and definite federal right - in this case, not to be subjected to unreasonable force while being detained.  This specific intent to deprive another of a federal right need not be expressed; it may at times be reasonably inferred from the surrounding circumstances of the act.  Thus, you may look at the defendant's words, experience, knowledge, acts and their results in order to decide this issue of willfulness.

7

If you find that the defendant had the purpose - that is, the end at which his act was aimed - to deprive the detainee of his right not to be subjected to unreasonable force while being detained, the third element of the offense is satisfied.

Fourth Element

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's acts resulted in bodily injury to the detainee.

Bodily injury means any injury, no matter how temporary.  Bodily injury includes physical pain as well as any burn, cut abrasion, bruise, disfigurement, illness or impairment of a bodily function.

Instructions 17-3, 17-4, 17-6, 17-7, 17-8, Modern Federal Jury Instructions 2006 (2 L. Sand, et al.,  Modern Federal Jury Instructions - Criminal).

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 2

FALSE STATEMENTS

In order to prove the defendant guilty of the crime charged in Count Two of the Indictment, the government must prove beyond a reasonable doubt that:

First, that on or about August 30, 2005, the defendant made a false statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

First Element

The first element the government must prove beyond a reasonable doubt is that the defendant made a statement or representation. In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if he caused the statement charged in the indictment to have been made. Under this statute, there is no distinction between written and oral statements.

The government must also prove beyond a reasonable doubt that the statement or

representation was material.  A statement is material if it could have influenced the government agency's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

### Second Element

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.  A fact is material if it could have influenced the government's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

### Third Element

The third element the government must prove beyond a reasonable doubt is that the statement was false, fictitious or fraudulent.  A statement is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

### Fourth Element

The fourth element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.  An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidently.  An act is done willfully

if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

Fifth Element

As I have told you, the fifth element is that the statement or representation be made with regard to a matter within the jurisdiction of the government of the United States. I charge you that the United States Marshals Service is a department of the United States government.

There is no requirement that the document be actually directed to or given to the United States Marshals Service. All that is necessary is that you find that it was contemplated that the document was to be utilized in a matter which was within the jurisdiction of the government of the United States. To be within the jurisdiction of a department of the United States government means that the statement must concern an authorized function of that department.

Instructions 36-9, 36-10, 36-11, 36-12, 36-13 and 36-14, Modern Federal Jury Instructions 2006 (2 L. Sand, et al., Modern Federal Jury Instructions - Criminal).

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 3

CONSPIRACY

Count Three of the Indictment charges the defendant with conspiring with other persons to commit certain offenses against the United States, those offenses being:

1.    To knowingly and willfully submit false Field Reports to the United States Marshals Service, in violation of Title 18 U.S.C. §§ 1001(a)(1) and (a)(2);

2.    To knowingly and corruptly attempt to persuade a witness to testify falsely before a Grand Jury, with the intent to influence, delay and prevent the testimony of the witness, in violation of Title 18 U.S.C. § 1512(b)(1); and

3.    To corruptly obstruct, influence, impede, and corruptly attempt to obstruct, influence, and impede a federal Grand Jury, with the intent to affect the investigation of the Grand Jury, in violation of Title 18 U.S.C. § 1512(c)(2).

The government is not required to prove that the objective of the conspiracy was achieved.  However, in order to find the defendant guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements beyond a reasonable doubt:

First, the government must prove that on or about August 30, 2005, an agreement existed between two or more people, to commit the crime of conspiracy to submit false statements to the government of the United States and to tamper with a witness as charged in Count Three of the Indictment.  This does not have to be a formal agreement or plan, in which everyone sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests, or do similar

12

things does not necessarily show that an agreement existed to submit false statements to the government of the United States and to tamper with a witness. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of conspiracy to submit false statements to the government of the United States and to tamper with a witness as charged in Count Three of the Indictment. So, the first thing that must be ~~shown~~ proven beyond a reasonable doubt is the existence of an agreement.

Second, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.

But mere presence at the scene of the agreement of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be proven beyond a reasonable doubt is that the defendant was a voluntary and intentional participant in the conspiracy.

Third, the government must prove that one or more of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This is something

referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are that:

(a)     On or about August 30, 2005, the defendant Stephen Cook and Brian Behringer discussed the submission of false Field Reports to their supervisor at the United States Marshal Service that would conceal defendant Stephen Cook's use of unreasonable force against the detainee, Omar Hunter, on or about August 30, 2005;

(b)     On or about August 30, 2005, defendant Stephen Cook wrote a false Field Report regarding his use of unreasonable force against the detainee, Omar Hunter;

(c)     On or about August 30, 2005, defendant Stephen Cook gave a copy of his false Field Report to Brian Behringer, so that Brian Behringer could write a false Field Report that would be consistent with the false Field Report written by defendant Stephen Cook;

(d)     On or about August 30, 2005, Brian Behringer, after reviewing the false Field Report written by defendant Stephen Cook, also wrote a false Field Report regarding defendant Stephen Cook's use of unreasonable force against the detainee, Omar Hunter, on August 30, 2005;

(e)     On or about August 30, 2005, Stephen Cook and other co-conspirators submitted their false Field Reports, as set forth in Overt Acts (b) and (d) above, to their supervisor at the United States Marshals Service;

14

(f)     During the month of September of 2005, Brian Behringer contacted Steve Sharpstene and advised Sharpstene that Sharpstene was expected to file a Field Report concerning this incident, and provided Sharpstene with information contained in defendant Stephen Cook's false Field Report;

(g)     On or before September 22, 2005, Sharpstene wrote a false Field Report regarding defendant Stephen Cook's use of unreasonable force against the detainee, Omar Hunter, and submitted the report to his supervisor at the United States Marshals Service;

(h)     On or before September 28, 2006, defendant Stephen Cook, upon learning that Brian Behringer had been subpoenaed to testify before the Grand Jury, spoke with Behringer, and told him to provide false information to the Grand Jury regarding defendant Stephen Cook's use of unreasonable force against the detainee, Omar Hunter;

(I)     On or about October 23 2006, defendant Stephen Cook had another conversation with Brian Behringer, and told him to provide false information to the Grand Jury regarding defendant Stephen Cook's use of unreasonable force against the detainee, Omar Hunter.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was committed to further an objective of the conspiracy.  So, the third thing that must be proven beyond a reasonable doubt is that a member of the conspiracy committed one or more of the overt acts charged in order to further an objective of the conspiracy.

15

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed.  But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants.  In deciding whether the defendant became a member of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that on or about August 30, 2005, there was an agreement to make false statements and tamper with a government witness as set forth in Count Three of the Indictment; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy committed one of the overt acts charged.


Instruction 4.93, <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed., revised 2004) (the "Red Book"), as modified.

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 4

CO-CONSPIRATOR LIABILITY

You have already been instructed as to the elements of the crime of conspiracy. The defendant may be found guilty of the crime of making a false statement to the government of the United States, which was allegedly committed by a co-conspirator of the defendant, even though the defendant did not participate directly in the acts constituting the offense. That is because a conspiracy is a kind of partnership in crime and its members may be responsible for each others' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. Before you may find the defendant guilty of making a false statement to the government of the United States under this theory, you must find beyond a reasonable doubt:

1. That the offense of making a false statement to the government of the United States was committed by a co-conspirator of the defendant;

2. That the defendant was a member of the conspiracy at the time the offense of making a false statement to the government of the United States was committed; and

3. That the offense of making a false statement to the government of the United States was committed during the existence of the conspiracy;

4. That the offense of making a false statement to the government of the United States was committed in furtherance of the conspiracy; and

5. That the offense of making a false statement to the government of the United

17

States was a reasonably foreseeable consequence of the conspiracy. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

Instruction 4.02A,  Criminal Jury Instructions for the District of Columbia (4th ed., revised 2004) (the "Red Book").

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 5

TAMPERING WITH A WITNESS

Title 18 U.S.C. § 1512(b)(1)

In order to prove the defendant guilty of the charge in Counts Four and Five of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First that on or about September 28, 2006 and on or about October 23, 2006, respectively, the defendant did knowingly and corruptly attempt to persuade Bryan Behringer to testify falsely before a federal grand jury, with the intent to influence, delay, and prevent the testimony of Brian Behringer in order to affect the investigation of the defendant's alleged use of unreasonable force against the detainee, Omar Hunter, while Hunter was in the custody of the United States Marshals Service.

Second, the defendant acted knowingly and with intent to influence, delay and prevent the testimony of Brian Behringer in a federal grand jury investigation of the defendant's alleged use of unreasonable force against the detainee, Omar Hunter,  while Hunter was in the custody of the United States Marshals Service.

First Element

The first element the government must prove beyond a reasonable doubt is that the defendant attempted to corruptly persuade Brian Behringer to testify falsely before a federal grand jury.

To "corruptly persuade" means to act knowingly with a wrongful, immoral or evil

19

purpose to convince or induce another person to engage on certain conduct.

The law does not require that the federal proceeding be pending at the time of defendant's attempt to corruptly persuade the witness as long as the proceeding was foreseeable such that defendant knew his actions were likely to affect the proceeding.

Second Element

The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and with the specific intent to corruptly persuade the witness, Brian Behringer.

An act is done knowingly if it is done voluntarily and purposely, and not by accident or mistake.

By specific intent, I mean that the defendant must have acted knowingly and with the specific intent to induce Brian Behringer to testify falsely before the federal grand jury.

In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular criminal law.

Instructions 46-30, 46-31, 46-32, Modern Federal Jury Instructions 2006 (2 L. Sand, et al., Modern Federal Jury Instructions - Criminal).

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 6

TAMPERING WITH A WITNESS - AFFIRMATIVE DEFENSE

Title 18 U.S.C. § 1512(e)

The defendant in this case has raised the affirmative defense of what is commonly referred to as truth seeking. I instruct you that you must find the defendant not guilty if the defendant proves the following components of this defense by a preponderance of the evidence:

First, that the defendant's sole intention was to encourage or induce the other person to testify truthfully regarding the incidents occurring in the Superior Court cellblock on August 30, 2005.

Second, that his conduct toward the other person was lawful.

I will say a few more words about each of these components of the truth seeking defense. First, the defendant must convince you that his actions were designed to bring out the truth. If the defendant intended to induce Bryan Behringer to tell the truth, then the defendant would satisfy the first component.

The second component requires that the defendant must show by a preponderance of the evidence that he did not engage in any unlawful acts in his efforts to induce the other person to be truthful.

As I told you, the defendant has the burden of proving the defense of truth seeking by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove only that it is more likely true and not. It is determined by

21

considering all the evidence and deciding which evidence is more convincing.  In determining whether the defendant has proven the two elements of the defense, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them.  If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.  However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of its burden of proving all of the elements of the crime as I have defined them - that the defendant did knowingly attempt to corruptly persuade Bryan Behringer to testify falsely at a federal grand jury investigating the defendant's alleged use of unreasonable force against the detainee, Omar Hunter.  Those are things that the government still must prove beyond a reasonable doubt in order to convict the defendant.

Instructions 46-32.1, <u>Modern Federal Jury Instructions</u> 2006 (2 L. Sand, et al.,  Modern Federal Jury Instructions - Criminal).

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 7
PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

Instruction 4-1, Modern Federal Jury Instructions 2006 (2 L. Sand, et al., Modern Federal Jury Instructions - Criminal). United States v. Catlett, 97 F.3d 565 (D.C.Cir. 1996).

PROPOSED SUPPLEMENTAL INSTRUCTION N0. 8
REASONABLE DOUBT

I have said that the government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

Instruction 4-2, Modern Federal Jury Instructions 2006 (2 L. Sand, et al.,  Modern Federal Jury Instructions - Criminal). United States v. Edelin, 996 F.2d 1238 (D.C.Cir. 1993).