IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:07-CR-192 |
| ) | |
| STEPHEN COOK, ) | Hon. Ellen S. Huvelle |
| ) | |
| Defendant. ) | |

### DEFENDANT STEPHEN COOK'S MOTION FOR RELEASE

COMES NOW, Defendant Stephen Cook and moves this honorable Court for the entry of an order admitting Mr. Cook bond. Mr. Cook respectfully requests that pending sentencing this Court release him from detention ordered pursuant to 18 U.S.C. § 3143 (a)(2). In making this request, Mr. Cook asserts that this Court should find that Mr. Cook is not likely to flee or pose a danger to any other person or the community, and that there is a substantial likelihood that Mr. Cook's post trial motions for acquittal and a new trial will be granted. In the alternative to a finding that there is a substantial likelihood of an acquittal or new trial, Mr. Cook suggests that this Court find that exceptional reasons exist to render Mr. Cook's detention inappropriate. In support of these motions, Mr. Cook states as follows:

### PROCEDURAL HISTORY

Stephen Cook was indicted on August 7, 2007 for Deprivation of Civil Right Under the Color of Law Resulting in Bodily Injury, False Statements to the Government of the United States, Conspiracy, and four Counts of Tampering with a Witness. The government later withdrew Counts 5 and 7 (two of the Tampering with Witnesses Counts), and this Court found insufficient evidence to support Count 3, the Conspiracy. Mr. Cook was convicted of all

1

remaining Counts by a jury on October 30, 2007. At that time, Mr. Cook was detained pursuant to 18 U.S.C. § 3143(a)(2) on oral motion from the government that Mr. Cook had been convicted of a crime of violence and that the government would be seeking a term of imprisonment.

I.  **MEMORANDUM OF LAW IN SUPPORT OF MR. COOK'S MOTION FOR RELEASE PENDING SENTENCING**

Title 18, United States Code, Section 3143(a), which governs release pending sentencing, provides in relevant part:

> (a) Release or detention pending sentencing–
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of § 3142 and is awaiting the imposition or execution of sentence be detained unless–
>
>> (A)(i) the judicial officer finds there is substantial likelihood that a motion for acquittal or a new trial will be granted; or
>>
>> (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a) (2007).

Title 18, United States Code, Section 3142(f)(1) provides in relevant part:

> (1) upon motion of the attorney of the Government, in a case that involves–
>
>> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

18 U.S.C. § 3142(f)(1) (2007). Therefore a person found guilty of a crime of violence must be detained unless the court finds that the person does not pose any danger to society and is unlikely to flee and that there is a substantial likelihood for an acquittal or new trial or the government

recommends that no sentence of imprisonment will be imposed.

In the alternative, an exception to detention exists where "[a] person subject to detention pursuant to section 3143(a)(2)..., and who meets the conditions of release set forth in section 3143(a)(1)..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown there are exceptional reasons why such a person's detention would not be appropriate." 18 U.S.C. § 3145[c]. The conditions of release set forth in 18 U.S.C. § 3143(a)(1) require that the Court find by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3124(b) or (c)." Therefore, a person who is detained pursuant to § 3142(a)(2) can be released under the conditions listed in §§ 3124(b) or (c) if exceptional reasons exist that render detention inappropriate and the person is not likely to flee or pose a danger to society.

While Mr. Cook's conviction for a violation of 18 U.S.C § 242 causing bodily injury is subject to §3143(a)(2), Mr. Cook suggests to the Court that he is not likely to flee or pose a danger to any other person or the community and that there is a substantial likelihood that his post trial motions for an acquittal or a new trial will be granted. In the alternative to the Court finding that there exists a substantial likelihood the post trial motions will be granted, Mr. Cook asserts that exceptional reasons exist to release him from detention until his sentencing date which is currently set for January 18, 2008.

**A.     Mr. Cook Has Demonstrated by Clear and Convincing Evidence that He is Not Likely to Flee or Pose a Danger to the Safety of Others or the Community**

Mr. Cook submits to this Court that he is not likely to flee and does not pose a danger to the safety of others or the community. Mr. Cook had been released pending trial from August 16,

2007 to October 30, 2007. Prior to the return of the indictment, Mr. Cook was aware for several months that the government was going to indict him. During that period he made himself available to surrender. At the time of arraignment, this Court set conditions of release for Mr. Cook under 18 U.S.C § 3142(b) and released him on his personal recognizance. Thus, this Court found that Mr. Cook did not require a secured bond to assure his appearance in court and that Mr. Cook did not present a danger to the safety of any other person or the community.

From August 16, 2007 until October 30, 2007 when Mr. Cook was detained, Mr. Cook followed all conditions of his release as set forth by this Court. Mr. Cook worked for five years prior to his detention as a law enforcement agent. He is clearly aware of the entire spectrum of detrimental consequences he would face if he attempted to flee. Furthermore, Mr. Cook had been aware for several months that he was under investigation and at no time did he attempt to flee or avoid jurisdiction. Mr. Cook made timely appearances for all matters in this Court.

Mr. Cook also has substantial ties to the District of Columbia metropolitan area. He has lived in the metropolitan area for five years, four of which he has resided in within District limits. He has received during the investigation and trial and continues to receive emotional support from his girlfriend and her family who live in this area. Mr. Cook has retained a civil attorney to assist him in retaining his residential lease, possessions, and accounts in the metro area after his detention. Additionally, his immediate family members, who reside in New York, have also given financial assistance to Mr. Cook in order to help him retain his residential lease and automobile. Further evidence of his ties to the area was the support of his fellow law enforcement officers during his trial. Mr. Cook's behavior while released on personal recognizance and after his detention have demonstrated that Mr. Cook is unlikely to flee.

Mr. Cook has also demonstrated that he does not pose a danger to the safety of others or the community. Although Mr. Cook was convicted of a crime that caused bodily injury, the incident took place in August of 2005, over two years in the past. Since that time, Mr. Cook has not demonstrated any violent behavior. In addition, the incident took place while Mr. Cook was performing his job as a Deputy United States Marshal in the Superior Court cell block. Such a job requires, at times, the use of force. There is no indication that, outside of his job and outside of this incident, Mr. Cook has ever presented violent behavior towards others or the community. Therefore, there is every indication that this incident was a solitary occurrence. Mr. Cook's subsequent good behavior since the incident and during the time of his pretrial release demonstrate that Mr. Cook does not pose a danger to the safety of others or the community.

This was a single incident involving a recalcitrant prisoner under pressing circumstances of trying to get prisoners to Superior Court. Additionally, this was a prisoner who had previously demonstrated a propensity to not comply with the orders of law enforcement. The overwhelming personal history of Mr. Cook establishes beyond peradventure that Stephen Cook in not in any way a danger to the community. On the contrary, Mr. Cook has had a life where he was a servant of the community and a single bad day at the office cannot change this fact.

Therefore, Mr. Cook has demonstrated by clear and convincing evidence that he is both unlikely to flee or pose a danger to the safety of others or the community. Thus, Mr. Cook has shown that he meets the requirements set forth in 18 U.S.C. § 3143(a)(2)(B) to be released pending his sentencing on January 18, 2008 .

**B.      There Is a Substantial Likelihood that Mr Cook's Post Trial Motions for Acquittal or New Trial Will Be Granted**

18 U.S.C. § 3143(a)(2)(A) allows that a person convicted of an offense listed in 18 U.S.C. § 3142(f)(1) does not have to be detained if a court finds a substantial likelihood that motions for acquittal or new trial will be granted or the government recommends that no term of imprisonment be imposed. Unless a court finds either of these two circumstances, the person must be detained pending sentencing. In the instant case, the government has not recommended that no term of imprisonment will be imposed. However, Mr. Cook asserts that this Court should find a substantial likelihood that his post trial motions will be granted.

On November 6, 2007, Mr. Cook filed a post trial motion pursuant to Federal Rules of Criminal Procedure 33 and renewed his motion pursuant to Rule 29. See Motion for a New Trial and Renewed Motion for an Acquittal, Doc. No. 28 (Nov. 6, 2007). In these motions, Mr. Cook raised a substantial issue of Brady violations by the government and a substantial issue of defense counsel impermissibly being precluded from arguing the insufficiency of the government's evidence and the government's failure to carry its burden of proof. The arguments are made in detail in those motions, and upon review of those motions, Mr. Cook submits that this Court should find a substantial likelihood the motions for an acquittal or new trial will be granted.

C.  **Mr. Cook Has Demonstrated Exceptional Reasons For Allowing His Release Pending Sentencing**

Mr. Cook respectfully requests that this Court find, in the alternative to finding a substantial likelihood that his post trial motions will be granted, that he has demonstrated exceptional reasons allowing his release pending sentencing.

Courts have held that 'exceptional reasons' should be defined as "clearly out of the ordinary, uncommon, or rare." United States v. Sharp, No. 07-231-CKK, 2007 WL 3084501, at

*2 (D.D.C. October 23, 2007) (citing United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993)). 'Exceptional reasons' refer to "unique combination[s] of circumstances[.]" Id. at *2 (citing United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)). Under DiSomma, the existence of exceptional reasons is determined through "a case by case evaluation," and the finding of exceptional reasons is not limited to a "requirement of absolute legal novelty." 951 F.2d at 497.

In the instant case, Mr. Cook submits that his conviction for a violation of 18 U.S.C. § 242 is not the type of crime contemplated to require detention pending sentencing. At best, the government's evidence and the jury's verdict shows that Mr. Cook made a solitary misjudgement while working as a Deputy United States Marshal, which was a job that from time to time would require a deputy to use force. The offense was not part of a scheme or conspiracy, but rather began as a response to a non-complaint prisoner. Further evidence that a violation of 18 U.S.C. § 242 was not contemplated as being an offense which requires detention can be found by comparing imprisonment terms for other violent crimes to those for violations of civil rights.[1]

Mr. Cook was found guilty of a Depravation of Rights Under the Color of Law Resulting in Bodily Injury, in violation of 18 U.S.C. §242. See Indictment, Count 1, Doc. No. 1. Therefore, the jury found that Mr. Cook used excessive force against Omar Hunter that caused bodily injury. There was no specific finding by the jury as to the exact type of force that Mr. Cook used. The testimony from Omar Hunter himself depicts Mr. Hunter as a prisoner who

---

[1] A violation of 18 U.S.C. §242 causing bodily injury carries a maximum prison sentence of ten years. According to the United States Sentencing Commission, Office of Policy Analysis, data for the fiscal year 2006 show the median number of months of imprisonment for a violation of Section 242 was 21.0 and the mean number of months to be 66.3. The median and mean number of months, respectfully, of imprisonment for murder was 240 and 253; for kidnaping and hostage taking: 204 and 216; for sexual abuse: 60 and 103.5; for robbery: 70 and 91. 5. Many crimes of violence set forth maximum prison terms of twenty years up to life sentences. That is simply not the case with a violation of Section 242 causing bodily injury. United States Sentencing Commission, STATISTICAL INFORMATION PACKET FISCAL YEAR 2006, *available at* www.ussc.gov/

would not give his name and would not get off the van. Mr. Cook was performing his job by forcing Mr. Hunter from the van, and the jury found that Mr. Cook used excessive force and bodily injury to Mr. Hunter resulted. Evidence of this bodily injury are photographs of Mr. Hunter with a swollen right jaw, (Government's Exhibit 100 Series), and an emergency room report listing a primary diagnosis of a contusion on the face. (Defendant's Exhibit 2A). Moreover, the hospital records show that Mr. Hunter did not see a doctor until two days after the incident.

While the jury found that Mr. Cook used excessive force, this force, and therefore the violence in his offense, began in reaction to a self-described non-compliant prisoner. Mr. Cook was performing his duties as a Deputy United States Marshal and stepped over the line between reasonable and excessive force. This solitary incident of Mr. Cook using excessive force occurred in a cellblock, two years in the past. There is no indication or evidence that any other complaints against Mr. Cook for excessive force were made before the offense or after. Outside of his role and duties of a Deputy United States Marshal, there is no indication that Mr. Cook has ever exhibited violent behavior towards members of the public and community. The incident is thereby more a misjudgement on the part of Mr. Cook rather than an act of violence for which Section 3143(a)(2) was intended to require detention pending sentencing.

Thus, the circumstances surrounding Mr. Cook's conviction for a violation of Section 242 present exceptional reasons that make detention of Mr. Cook pending sentencing inappropriate. Mr. Cook's offense was a solitary incident of excessive force while performing a job that sometimes required force. Mr. Cook's behavior resulted in moderate bodily injury to a non-compliant prisoner, Mr. Hunter–injuries for which Mr. Hunter did not receive medical treatment

until two days after the incident. Excessive force, under these circumstances where reasonable force is permitted, is not so much a crime of violence as it was a misjudgment by Mr. Cook. Mr. Cook has exhibited no violent behavior outside his job as a Deputy United States Marshal. Therefore, Mr. Cook respectfully requests this Court to grant his release pursuant to Section 3145(c) in the alternative to finding a substantial likelihood that his post trial motions will be granted.

## CONCLUSION

WHEREFORE, Mr. Cook respectfully requests that the Court grant his motion for release. Mr. Cook is not likely to flee or pose a danger to any other person or the community, and there is a substantial likelihood that Mr. Cook's post trial motions for acquittal and a new trial will be granted. In the alternative to a finding that a substantial likelihood of an acquittal or new trial, there are exceptional reasons that exist to render Mr. Cook's detention inappropriate.

Respectfully Submitted,

**/s/ William B. Moffitt**
WILLIAM B. MOFFITT
Moffitt & Brodnax, Ltd.
11582 Greenwich Point Road
Reston, VA 20194
Phone: (703) 834-0204
Fax: (703) 834-0206
Email: wbmoffitt_esq@yahoo.com

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that the **Motion for Release** was served upon the following individual on November 16, 2007 by electronic means through the ECF system:

John M. Cummings
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20530
(202) 305-1637

      Respectfully Submitted,

**/s/ William B. Moffitt**
WILLIAM B. MOFFITT
Moffitt & Brodnax, Ltd.
11582 Greenwich Point Road
Reston, VA 20194
Phone: (703) 834-0204
Fax: (703) 834-0206
Email: wbmoffitt_esq@yahoo.com