UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : O7-192 (ESH) |
| | : | |
| v. | : | JUDGE ELLEN S. HUVELLE |
| | : | |
| STEPHEN COOK | : | SENTENCING : JANUARY 18, 2008 |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO THE
DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING**

The government hereby opposes the defendant's motion to be released pending sentencing. The detention statute mandates the defendant's detention pending sentencing in this case, and the defendant has not established the existence of any "exceptional circumstances" that would warrant relief from the detention statute. In support of this opposition, the government hereby incorporates by reference the arguments contained in its previously submitted motion entitled Government's Opposition to Defendant Cook's Post Trial Motions.

On October 30, 2007, the jury in this case found the defendant guilty of four felonies: a deprivation of civil rights, resulting in bodily injury, violating 18 U.S.C. §242; false statements, violating 18 U.S.C. §1001; and two separate counts of witness tampering, violating 18 U.S.C. §1512(b)(1). At the government's request, the Court detained the defendant pending sentencing pursuant to 18 U.S.C. §3143(a)(2) because the jury had convicted the defendant of a crime of violence. The defense advances two arguments in support of its motion to release the defendant pending sentencing: 1) that he should be released pursuant to 18 U.S.C. §3143(a)(2) because

there is a substantial likelihood that he will prevail on his motion for a new trial or on his motion for acquittal; and 2) that he has demonstrated exceptional reasons for release pursuant 18 U.S.C. §3145(c).

Title 18 U.S.C. §3143(a)(2)[1] mandates detention here because the defendant has been found guilty of an offense covered by 18 U.S.C. § 3142(f)(1)(A), [2] specifically a felony deprivation of civil rights resulting in bodily injury, in violation of 18 U.S.C. §242, which is a crime of violence. Once a defendant is convicted of a crime of violence, the court can only release a defendant pursuant to §3143(a)(2) if the following conditions are met: 1) the judicial officer must find a substantial likelihood that a motion for acquittal or new trial will be granted;

---

[1] 18 U.S.C. 3143(a)(2) provides that: The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

    (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

[2] 18 U.S.C. §3142(f)(1)(A) provides that: The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community–

    (1) upon motion of the attorney for the Government, in a case that involves–

        (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; . . .

or 2) an attorney for the government has recommended that no sentence of imprisonment be imposed.³ If either one of these prerequisites is met, the court is still not authorized to release the defendant unless the court finds by clear and convincing evidence that the defendant is neither likely to flee, nor pose a danger to the community.⁴ Here, the Court previously held that there was not a substantial likelihood of success on either a motion for acquittal or motion for a new trial.⁵ Further, the government is recommending incarceration in this case. Accordingly, the defendant's detention pending sentencing is mandated pursuant to 18 U.S.C. §3143(a)(2), no matter the risk of flight or threat to the community.

The defense's second argument is that even if the defendant is properly held pursuant to 18 U.S.C. §3143(a)(2)(A), he is entitled to relief pursuant to 18 U.S.C. §3145(c).⁶ There is an ongoing debate regarding the power of district courts to grant relief pursuant to 18 U.S.C. §3145(c). See <u>United States v. Sharp</u>, No-07-CR-231 (CKK), 2007 WL 3084501, at *2 (D.D.C. Oct. 23, 2007)(noting that this circuit has not ruled on the power of district court's to grant relief

---

³ 18 U.S.C. §§3143(a)(2)(A)(I), (ii).

⁴ 18 U.S.C. §3143(a)(2)(B).

⁵ The defense has since filed post trial motions seeking a new trial or acquittal, which the government has opposed. The defense's arguments in those motions are based, in large part, on arguments that were previously rejected by this Court during trial.

⁶ 18 U.S.C. §3145(c) provides: An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

pursuant to §3145(c)).  Attachment 1.  Every circuit court that has interpreted this provision has held that §3145(c) does authorize district courts to grant relief from mandatory detention under §3143(a)(2).  See United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997); United States v. Mostrom, 11 F.3d 93 (8th Cir. 1993);  United States v. Jones, 979 F.2d 804, 805 (10th Cir. 1992); United States v. Herrera-Sota, 961 F.2d 645, 647 (7th Cir. 1992); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991); United States v. DiSomma, 951 F.2d 494, 496 (2nd Cir. 1991) .

Several recent district court opinions have, however, called into question the reasoning underlying these circuit opinions.  See, e.g., United States v. Harrison, 430 F.Supp.2d 1378 (M.D.Ga. 2006)(finding no authority to apply §3145(c)); In re Sealed Case, 242 F.Supp.2d 489, 491-494 (E.D. Mich. 2003)(noting that it "finds the so called weight of these circuit opinions much lighter than a momentary glance at a string cite to all five would otherwise suggest." Id at 494); United States v. Chen, 257 F.Supp.2d 656, 659-60 (S.D.N.Y. 2003)(finding that the "courts in the majority have uniformly given the question cursory treatment, foregoing rigorous statutory analysis in favor of reliance on stare decisis .  Basic principles of statutory construction compel the conclusion that §3145(c) is not available to district or magistrate judges.")

Here, however, this Court need not resolve this issue.  Even assuming that this Court has jurisdiction to grant relief to the defendant pursuant to §3145(c), it is clear that the defendant has failed to establish any exceptional reasons that would justify his release pursuant to §3145(c).  To be released pending sentencing pursuant to §3145(c), the defendant would first have to meet the conditions for release set forth in 18 U.S.C. §3143(a)(1).  Namely, he must show by clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other

person or the community." 18 U.S.C. § 3143(a)(1).  Even if he met those conditions, he still could not be released unless it was "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

The only "exceptional reasons" advanced by the defense are that a violation of 18 U.S.C. §242 is not the type of offense for which incarceration is contemplated, and a corollary argument that the defendant's conduct represented only a "solitary misjudgment," for which incarceration is inappropriate.  This latter argument is astonishing given the defendant's continued blanket denial that he used any force against Omar Hunter.  The former argument also fails to clearly establish "exceptional reasons" for the defendant's release, in part because the defense cites no authority for its proposition that Congress did not intend to detain law enforcement officers pending sentencing following a guilty verdict on a charge of violating §242.

The defendant's conviction for violating Omar Hunter's civil rights, resulting in bodily injury, clearly constitutes a crime of violence.  See e.g. United States v. Acosta, 470 F.3d 132, 135-36 (2nd Cir. 2006)(finding that any violation of 18 U.S.C. §242 that involves bodily injury constitutes a crime of violence), cert. denied __ U.S. __, No. 07-60, 2007 WL 2064098 (Nov. 26, 2007).  Arguably, a felony violation of §242 that includes the actual infliction of bodily injury is more serious than other crimes of violence for which Congress mandated pre-sentencing detention where Congress only required the "attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. 3156(4)(A) (defining a crime of violence as that term is used in 18 U.S.C. §3142(f)(1)(A)).  The gravity of a civil rights violation is also evidenced by the guideline level assigned to felony violations of 18 U.S.C. §242.  In such cases, the base offense level for a felony civil rights violation committed under color of law is 16.  See

U.S.S.G. §§2H1.1(a)(3), (b).  This is higher than the 14 base offense level for aggravated assault.  See U.S.S.G. §2A2.2(a).

In support of its motion for release pending sentencing, the defense also argues that an examination of incarceration data for civil rights violations demonstrates that detention is not envisioned for such violations.  The data does not support this position.  First, it is important to note that the data provided by the United States Sentencing Commission does not distinguish between misdemeanor and felony violations of 18 U.S.C. §242, which are both governed by the same sentencing guideline, U.S.S.G. §2H1.1.[7]  Second, an examination of the data for the average period of incarceration for Category I offenders, like the defendant, supports the government's position that civil rights violations are appropriately considered serious crimes of violence that warrant detention pending sentencing.  According to the data, the average (mean) period of incarceration  for a civil rights violation for a Category I offender is 73.1 months.  This is higher than the average period of incarceration  for other violent Category I offenders such as those incarcerated for manslaughter (39.4 months); assault (29.7 months); robbery (55.5 months); arson (69.8 months); and  racketeering or extortion (69.3 months); as well as offenses that are traditionally associated with violence such as drug trafficking (57.6 months) and firearms offenses (57.5 months).  See Attachment 2.[8]  Third,  the median period of incarceration for civil rights offenses for Category I offenders is the same as the median period of incarceration for other forms of assault (24 months).  Id.  Fourth, it is important to note that this data does not

---

[7] All misdemeanor violations of 18 U.S.C. §242 occurring under color of law have a guideline range of one year by operation of U.S.S.G. §5G1.1(a) , because the minimum applicable guideline range exceeds the maximum statutory penalty of one year.

[8] Table 14, United States Sentencing Commissions Sourcebook for Fiscal year 2006.

account for many variables that may affect the defendant's sentence in this case, such as obstruction of justice, and the presence of a physically restrained victim. Indeed, the median sentence of 24 months cited above is below the anticipated guideline range for Defendant Cook. The government anticipates Defendant Cook's applicable guideline range will be 37-46 months of incarceration.[9] Thus, this data does not support the defense's contention that a felony civil rights violations is not the type of offense for which detention pending sentencing is anticipated.

The government has found only two reported cases which address the interaction between § 3143(a)(2) and §3145(c) following a felony conviction for violating 18 U.S.C. §242. In both cases, the courts rejected requests for release due to "exceptional reasons," and ordered the continued detention of the defendants pending sentencing, United States v. Lavallee, 269 F.Supp.2d 1297 (D.Colo. 2003), aff'd. sub nom. United States v. Verbickas, 75 Fed. Appx. 705 (10th Cir. 2003), and pending appeal, United States v. Koon, 6 F.3d 561 (9th Cir. 1993). In Koon, the defendants, who had been found guilty of violating 18 U.S.C. §242 in connection with the beating of Rodney King, argued that they should be released pending appeal because: their offense was "highly situational;" their release posed no danger to the community; there were significant issues on appeal; they had been acquitted of the same conduct in state court; the victim's conduct contributed to the offense; their detention would adversely affect police morale; and it would be difficult to assure the safety of the officers while they were incarcerated. Koon,

---

[9] According to the applicable sentencing data, 63.5% of all defendants convicted of civil rights offenses were sentenced within the applicable guideline range, 1.6% were sentenced above the range, while 22.2% received sentences below the applicable guideline range because of either a §5K1.1 departure or other government sponsored departure. See Attachment 3 (Table 27, United States Sentencing Commissions Sourcebook for Fiscal year 2006.) The government does not anticipate any government sponsored departures in this case.

6 F.3d at 563 (J. Rymer concurring). In denying release pending appeal in the <u>Koon</u> case, Judge Rymer stated:

> None of these reasons is exceptional; each is an ordinary corollary of being a law enforcement officer convicted of violating another's civil rights under 18 U.S.C. §242. Any police officer convicted of a §242 offense faces civil liability, a difficult time in prison, and unemployment; may have already been prosecuted by the state; has probably been the subject of adverse publicity; and his or her family will undoubtedly suffer hardship. Congress created no law enforcement official exception to mandatory detention. Therefore, unless we are willing to say that all §242 defendants who are police officers are "exceptional," there is no way these defendants meet the "exceptional reasons" standard.

<u>Koon</u>, 6 F.3d at 563.

The same can be said of this case. The defendant's belated attempt to re-cast his criminal conduct as a simple "misjudgment" does not clearly show "exceptional reasons" justifying his release. The defendant intentionally committed a violent criminal act by repeatedly punching and kicking Omar Hunter. Had this been a simple misjudgment, the defendant had the opportunity to so state in his initial field report; to his supervisor, Paul Rivers; or to the F.B.I. once he learned of the investigation into this matter. Instead, the defendant decided to continue to attempt to conceal his crimes, going so far as to ask another marshal to risk criminal prosecution for perjury and obstruction of justice by lying to the Grand Jury. To release the defendant pending sentencing in this case, under these circumstances, would imply the existence of a blanket law enforcement exception to detention pending sentencing in felony civil rights cases. As noted in <u>Koon</u>, there is simply no basis for such an exception.

The defendant has failed to establish any exceptional circumstances pursuant to §3145(c) that would justify an exception from his mandatory detention pending sentencing pursuant to §3143(a)(1). Accordingly, the Court should deny the defendant's motion for release pending sentencing.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

/s/
John Cummings
Assistant United States Attorney
Member Maryland Bar
555 4th Street, N.W., Room 4838
Washington, DC 20530
(202) 514-7561
john.cummings@usdoj.gov

/s/
C. Douglas Kern
Ohio # 0072864
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
601 D St. NW
Washington, DC 20004
(202) 514-3204
 Doug.Kern@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. O7-192 (ESH)** |
| | : | |
| v. | : | **JUDGE ELLEN S. HUVELLE** |
| | : | |
| **STEPHEN COOK** | : | **SENTENCING: JANUARY 18, 2008** |
| | : | |
| **Defendant.** | : | |

## ORDER

Having considered Defendant Stephen Cook's Motion for Release, and the government's opposition thereto, it is this _____ day of _____, 2007 hereby:

ORDERED that no hearing is required in this matter as the relevant issues have been adequately briefed by the parties, and that the defendant's motion is hereby DENIED.

_____
JUDGE ELLEN S. HUVELLE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies sent via ECF to:

John Cummings, Esq.
C. Douglas Kern, Esq.
William B. Moffit, Esq.
Pleasant Brodnax, Esq.

Westlaw.

--- F.Supp.2d ----

Page 1

--- F.Supp.2d ----, 2007 WL 3084501 (D.D.C.)
(Cite as: --- F.Supp.2d ----)

U.S. v. Sharp
D.D.C.,2007.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
UNITED STATES of America, Plaintiff,
v.
Dennis D. SHARP, Defendant.
**Crim. Action No. 07-231 (CKK).**

Oct. 23, 2007.

**Background:** Defendant was convicted by guilty plea of possession of child pornography. Defendant moved for release pending sentencing.

**Holdings:** The District Court, Colleen Kollar-Kotelly, J., held that:

(1) participation in a treatment program by defendant did not amount to "exceptional circumstances" justifying the release of defendant pending sentencing, and

(2) cooperation with government during and following his arrest did not amount to "exceptional circumstances" justifying the release of defendant pending sentencing.

Motion denied.

[1] Bail 49 €→42

49 Bail
   49II In Criminal Prosecutions
      49k41 Right to Release on Bail
         49k42 k. In General. Most Cited Cases
Participation in a treatment program by defendant who pled guilty to possession of child pornography did not amount to "exceptional circumstances" justifying the release of defendant pending sentencing. 18 U.S.C.A. §§ 2252A(a)(5), 3145(c).

[2] Bail 49 €→42

49 Bail
   49II In Criminal Prosecutions
      49k41 Right to Release on Bail
         49k42 k. In General. Most Cited Cases
Cooperation with government during and following the arrest of defendant, who pleaded guilty to possession of child pornography, did not amount to "exceptional circumstances" justifying the release of defendant pending sentencing. 18 U.S.C.A. §§ 2252A(a)(5), 3145(c).

Jeffrey Pearlman, U.S. Attorney's Office, Washington, DC, for Plaintiff.

**MEMORANDUM OPINION**
COLLEEN KOLLAR-KOTELLY, United States District Judge.
*1 On October 2, 2007 Defendant pled guilty to one count of possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5). The Court accepted Defendant's plea and granted the government's oral motion to detain Defendant pending his sentencing scheduled for January 18, 2008. Presently before the Court is Defendant's [25] Motion for Release Pending Sentencing. Upon consideration of the Parties' submissions, case law and applicable statutory authority, the Court shall DENY Defendant's Motion for the reasons expressed below.

I. BACKGROUND

Members of the Metropolitan Police Department and Immigration and Customs Enforcement executed a search warrant at the address of Defendant on July 19, 2007. Def.'s Mot. at 3. The search identified approximately 330 printed images, 530 digital images, and 120 videos containing child pornography. Def.'s Suppl. at 2 (Forensic

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

https://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=HTMLE&fn=_top&mt=...    11/19/2007

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2007 WL 3084501 (D.D.C.)  
(Cite as: --- F.Supp.2d ----)

Page 2

Psychological Evaluation performed by Dr. Jennifer L. Marshall). On October 2, 2007, Defendant pled guilty to one count of possession of child pornography. *See* 18 U.S.C. § 2252A(a)(5); [19] Information. After the Court accepted Defendant's plea, the government made an oral motion to detain Defendant pending sentencing. *Id.*

In response to the government's motion, the Court reviewed the applicable statutes and found that they required Defendant's detention. Specifically, the Court found that Defendant's offense, possession of child pornography, constituted a "crime of violence" as that term is defined in 18 U.S.C. § 3156(a)(4)(C) (defining "crime of violence" to include any felony under chapter 110, which includes Defendant's offense). A defendant who pleads guilty to a crime of violence is subject to the detention provisions set forth in **18 U.S.C. § 3143(a)(2)** (applicable to offenses described in § 3142(f)(1)(A), which includes crimes of violence).

Section 3143(a)(2)(A)(ii) requires mandatory detention for a Defendant found guilty of a crime of violence unless an attorney for the government "has recommended that no sentence of imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community."[FN1] In the instant case, the government recommended that a sentence of imprisonment be imposed. *See* Gov't's Resp. at 1. Accordingly, the Court found that § 3143(a)(2) required Defendant's detention pending sentencing.

On October 4, 2007, Defendant filed the instant Motion for Release Pending Sentencing based on 18 U.S.C. § 3145(c), a provision that permits a defendant to appeal an order of detention "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Defendant supplemented this filing with his psychological evaluation on October 5, 2007. The government filed its Response on October 9, 2007, opposing Defendant's release and arguing that Defendant had failed to identify any "exceptional reasons." Gov't's Resp. at 5. Defendant filed a Reply to the Government's Response on October 15, 2007.

II. DISCUSSION

*2 This Circuit has not opined on the applicability of 18 U.S.C. § 3145(c) in circumstances similar to the present. The government's Response argues exclusively that "exceptional reasons" do not exist justifying Defendant's release, and does not argue that the Court lacks discretion to provide the relief requested by Defendant under this section.[FN2] Based on the resolution of the instant motion, the Court does not have to resolve this issue. Accordingly, the Court shall proceed to examine the merits of Defendant's Motion.

[1]Section 3145(c) does not define the term "exceptional reasons," though courts have generally read the phrase to mean circumstances that are "clearly out of the ordinary, uncommon, or rare." *United States v. Koon,* 6 F.3d 561, 563 (9th Cir.1993) (Rymer, J., concurring in denial of rehearing en banc). *See also United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir.1991) (referring to "unique combination[s] of circumstances"); *United States v. Devinna,* 5 F.Supp.2d 872, 873 (E.D.Cal.1998) (holding that a defendant must show something more than a low likelihood of flight or danger to others). Defendant's motion implicates two circumstances in which courts have previously found exceptional reasons to exist: (1) successful and remarkable rehabilitation related to the underlying offense, and (2) extraordinary assistance provided to the government. *See, e.g., United States v. Kaquatosh,* 252 F.Supp.2d 775, 779-80 (E.D.Wis.2003) (releasing defendant pending sentencing on serious assault charges where he had successfully completed a substance abuse program, received laudatory reviews from his employer who appeared in court on his behalf, asked to obtain a psychological evaluation and treatment prior to imprisonment, and provided needed income to his family based on steady employment); *United States v. Mitchell,* 358 F.Supp.2d 707, 709 (E.D.Wis.2005) (releasing defendant based, in part, on the government's U.S.S.G. 5K1.1 departure recommendation for the defendant's extraordinary assistance and his conduct that "went beyond mere compliance with release conditions and was, compared to other defendants charged with similar

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----    Page 3
--- F.Supp.2d ----, 2007 WL 3084501 (D.D.C.)
**(Cite as: --- F.Supp.2d ----)**

offenses, ... out of the ordinary"). In the present matter, the Court need not delineate precisely the combination of circumstances that may be considered "exceptional" because Defendant has not set forth any argument demonstrating how his circumstances are anything other than ordinary.

### A. Rehabilitation

Defendant concedes that his rehabilitation has not, to date, been exceptional. See Def.'s Reply at 5 (" [Defendant] is not submitting ... that his limited therapy, without more, constitutes an exceptional reason justifying his release").FN3 This concession distinguishes Defendant's circumstances from cases where a defendant has successfully completed treatment. See, e.g., Kaquatosh, 252 F.Supp. at 779-80. Defendant instead asks the Court to grant his release so he can continue to pursue treatment that may, going forward, "constitute extraordinary rehabilitative effort[s]." Def.'s Reply at 5.

*3 Defendant's desire to continue with therapy is commendable but not exceptional. Defendant's reasoning would justify the release of every Defendant who, when faced with a serious sentence, makes a representation that he wants to seek treatment. Such a result is inconsistent with the statutory directive that circumstances be " exceptional." See United States v. Brown, 368 F.3d 992, 993 (8th Cir.2004) (reversing district court's decision to release defendant for additional treatment and finding that participation in a treatment program by defendant, who pled guilty to possession of child pornography, did not amount to "exceptional circumstances").FN4

Defendant's psychological evaluation does not advance his argument. Although Dr. Marshall concluded that Defendant is in the "low-to-low medium range of risk for future sexual offending," Def .'s Suppl. at 9, the reliability of this finding is diminished because "[i]t is uncertain whether [the risk assessment] instrument is accurate in assessing risk for cases such as [Defendant's] acquisition of child pornography ..."Id. at 7. While Dr. Marshall administered a test for psychopathology, personality, and emotional functioning, Id. at 5, the results of that test were also clouded because Defendant "was portraying himself in an overly positive light" and "[g]iven [Defendant's] rather high level of defensiveness, the findings from this test measure are not likely to be considered valid." Id. In terms of rehabilitation, Dr. Marshall concluded that Defendant's therapy could be impeded by "his present belief that he is not a sex offender given that this was a hands-off offense."Id. at 9.

In short, nothing submitted by Defendant suggests that he has been been subject to successful and remarkable treatment, and his argument suggesting that future treatment would be exceptional is unsupported by his psychological evaluation at this time.

### B. Government Assistance

[2] Defendant's other argument is that exceptional reasons exist justifying his release based on his level of cooperation during and following his arrest. Def.'s Mot. at 12. Specifically, when officials arrived at his home, Defendant provided the officials with a statement. Id. Defendant later voluntarily provided a videotaped statement describing the events that had transpired.Id. Defendant also plead by way of information, waiving his right to a Grand Jury indictment, and has answered all of the Court's questions candidly and openly. Id.

The Court agrees with the government that there is a material difference between on the one hand accepting responsibility for one's actions and on the other hand providing such a heightened degree of assistance to the government that it leads to a possible downward sentencing departure. See Gov't's Resp. at 4; Mitchell, 358 F.Supp.2d at 709 (releasing defendant pending sentencing based, in part, on exceptional assistance leading to a downward departure at sentencing). Defendants pleading guilty to crimes of violence often benefit from cooperating during and after their arrest because courts may take it into consideration under the advisory sentencing guidelines-not because cooperation regularly leads to release pending

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2007 WL 3084501 (D.D.C.)  
**(Cite as: --- F.Supp.2d ----)**

Page 4

sentencing. Defendant's cooperation, like his therapy, is commendable, but § 3145(c) does not authorize a defendant's release except for exceptional reasons that are simply not present in this case.

### III. CONCLUSION

*4 For the foregoing reasons, the Court shall DENY Defendant's [25] Motion for Release Pending Sentencing.

FN1. This section provides, in relevant part:
The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. § 3142(f)(1) ] and is awaiting imposition or execution of sentence *be detained unless:*
(A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.
§ 3143(a)(2) (emphasis added).

FN2. Courts in other jurisdictions have examined 18 U.S.C. § 3145(c) and arrived at conflicting conclusions about the discretion it may or may not vest in district court judges. *See, e.g., United States v. Bao Deng Chen,* 257 F.Supp.2d 656, 657-64 (S.D.N.Y.2003) (collecting and discussing cases that have addressed the applicability of section 3145(c)). The applicability of this section was not briefed by the government and does not affect the disposition of Plaintiff's Motion.

FN3. Defendant submitted papers reflecting his attendance at Sex and Love Addicts Anonymous meetings from August 23, 2007 to September 27, 2007. *See* Def.'s Mot. Ex. A.

FN4. Defendant's argument also assumes that a court may release a defendant for exceptional reasons that have not yet occurred; the present tense language of § 3145(c) suggests otherwise. *See* § 3145(c) (permitting defendant's release "if it is clearly shown that there *are* exceptional reasons why such person's detention would not be appropriate") (emphasis added).

D.D.C.,2007.  
U.S. v. Sharp  
--- F.Supp.2d ----, 2007 WL 3084501 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Table 14

## AVERAGE LENGTH OF IMPRISONMENT FOR OFFENDERS IN EACH CRIMINAL HISTORY CATEGORY BY PRIMARY OFFENSE CATEGORY[1]
### Fiscal Year 2006

| PRIMARY OFFENSE | TOTAL | | | CRIMINAL HISTORY CATEGORY | | | | | | | | |
| | | | | I | | | II | | | III | | |
| | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 59.7 | 37.0 | 62,010 | 44.3 | 24.4 | 26,037 | 50.9 | 30.0 | 7,609 | 55.3 | 36.0 | 10,442 |
| Murder | 253.1 | 240.0 | 77 | 250.8 | 210.0 | 41 | 310.2 | 333.0 | 6 | 208.9 | 175.0 | 12 |
| Manslaughter | 47.4 | 37.0 | 58 | 39.4 | 31.5 | 36 | 49.5 | 33.0 | 8 | 60.1 | 60.0 | 7 |
| Kidnapping/Hostage Taking | 216.5 | 204.0 | 61 | 214.2 | 240.0 | 40 | 224.8 | 187.5 | 6 | 120.0 | 126.0 | 4 |
| Sexual Abuse | 103.7 | 60.0 | 255 | 91.7 | 49.5 | 176 | 81.3 | 69.0 | 32 | 116.3 | 90.5 | 26 |
| Assault | 42.2 | 30.0 | 490 | 29.7 | 24.0 | 211 | 26.8 | 27.0 | 49 | 44.9 | 33.0 | 80 |
| Robbery | 91.5 | 70.0 | 1,130 | 55.5 | 46.0 | 253 | 61.1 | 46.0 | 110 | 70.0 | 57.0 | 177 |
| Arson | 82.7 | 60.0 | 66 | 69.8 | 60.0 | 36 | 108.2 | 60.0 | 11 | 104.3 | 110.0 | 6 |
| Drugs - Trafficking | 84.5 | 60.0 | 24,212 | 57.6 | 42.0 | 12,495 | 83.7 | 63.0 | 2,880 | 95.4 | 72.0 | 3,520 |
| Drugs - Communication Facility | 46.1 | 48.0 | 353 | 41.1 | 37.5 | 126 | 43.8 | 48.0 | 56 | 45.1 | 48.0 | 67 |
| Drugs - Simple Possession | 19.5 | 6.0 | 231 | 5.7 | 2.0 | 63 | 14.1 | 6.0 | 26 | 21.6 | 5.3 | 50 |
| Firearms | 82.1 | 53.0 | 7,722 | 57.5 | 24.0 | 1,474 | 56.4 | 27.7 | 736 | 56.4 | 36.0 | 1,406 |
| Burglary/B&E | 19.7 | 16.0 | 41 | 14.5 | 15.0 | 11 | 10.8 | 12.0 | 8 | 19.4 | 15.0 | 8 |
| Auto Theft | 86.4 | 42.0 | 53 | 72.9 | 33.0 | 15 | 43.1 | 24.0 | 5 | 103.7 | 36.0 | 10 |
| Larceny | 18.6 | 12.0 | 698 | 17.1 | 12.0 | 313 | 13.6 | 8.5 | 88 | 19.6 | 12.5 | 94 |
| Fraud | 26.4 | 18.0 | 4,566 | 23.8 | 15.0 | 2,750 | 25.1 | 17.5 | 426 | 23.9 | 16.0 | 534 |
| Embezzlement | 15.1 | 12.0 | 294 | 14.6 | 12.0 | 248 | 11.9 | 7.5 | 12 | 15.6 | 12.0 | 15 |
| Forgery/Counterfeiting | 22.5 | 15.0 | 774 | 14.0 | 12.0 | 219 | 13.5 | 12.0 | 94 | 15.8 | 14.0 | 139 |
| Bribery | 21.0 | 15.0 | 107 | 20.4 | 15.0 | 98 | -- | -- | 1 | 24.5 | 13.0 | 6 |
| Tax | 22.5 | 15.0 | 359 | 20.1 | 12.0 | 291 | 23.6 | 19.5 | 32 | 30.2 | 21.0 | 19 |
| Money Laundering | 44.0 | 30.0 | 722 | 39.2 | 30.0 | 559 | 54.2 | 33.0 | 70 | 55.2 | 30.0 | 59 |
| Racketeering/Extortion | 95.3 | 60.0 | 573 | 69.3 | 46.0 | 278 | 82.1 | 60.0 | 69 | 100.2 | 60.0 | 77 |
| Gambling/Lottery | 12.7 | 8.5 | 39 | 8.3 | 8.7 | 24 | 9.8 | 8.2 | 8 | 8.0 | 6.0 | 5 |
| Civil Rights | 66.3 | 21.0 | 40 | 73.1 | 24.0 | 33 | -- | -- | 2 | 19.0 | 21.0 | 3 |
| Immigration | 23.7 | 18.0 | 16,308 | 11.5 | 8.0 | 4,541 | 18.5 | 15.0 | 2,648 | 23.2 | 18.0 | 3,821 |
| Pornography/Prostitution | 98.7 | 63.0 | 1,260 | 85.7 | 60.0 | 1,015 | 110.2 | 87.0 | 89 | 145.4 | 112.0 | 79 |
| Prison Offenses | 18.5 | 12.0 | 324 | 20.5 | 9.7 | 14 | 3.9 | 3.4 | 5 | 8.5 | 6.0 | 68 |
| Administration of Justice Offenses | 27.2 | 18.0 | 681 | 18.6 | 14.0 | 374 | 25.6 | 20.0 | 73 | 29.8 | 18.0 | 99 |
| Environmental/Wildlife | 15.5 | 15.0 | 41 | 15.1 | 12.0 | 29 | 20.5 | 16.0 | 5 | 15.8 | 18.0 | 4 |
| National Defense | 49.2 | 29.0 | 34 | 23.8 | 18.0 | 23 | 48.0 | 15.0 | 4 | -- | -- | 1 |
| Antitrust | 5.8 | 5.0 | 8 | 5.8 | 5.0 | 8 | -- | -- | 0 | -- | -- | 0 |
| Food & Drug | 25.2 | 19.0 | 16 | 28.4 | 16.0 | 11 | 25.3 | 24.0 | 3 | -- | -- | 2 |
| Other Miscellaneous Offenses | 27.2 | 12.0 | 417 | 22.5 | 12.0 | 232 | 25.3 | 12.0 | 47 | 29.1 | 12.0 | 44 |

[1] Of the 72,585 cases, 8,871 with zero months of prison ordered were excluded. In addition, 1,704 cases were excluded due to one or more of the following reasons: missing primary offense category (64), missing criminal history category (1,269), or missing or indeterminable sentencing information (751). The information in this table does not include any time of confinement as defined in USSG §5C1.1. Descriptions of variables used in this table are provided in Appendix A.

## Table 14 (cont.)

| | CRIMINAL HISTORY CATEGORY | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | IV | | | V | | | VI (non-career offender) | | | VI (career offender)[2] | | |
| PRIMARY OFFENSE | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n | Mean Mths | Median Mths | n |
| TOTAL | 62.3 | 42.0 | 6,552 | 73.4 | 52.0 | 4,004 | 90.7 | 63.0 | 5,138 | 187.0 | 168.0 | 2,228 |
| Murder | 285.3 | 300.0 | 7 | 235.8 | 262.0 | 5 | -- | -- | 2 | 282.5 | 265.0 | 4 |
| Manslaughter | -- | -- | 1 | -- | -- | 2 | 107.0 | 114.0 | 3 | -- | -- | 1 |
| Kidnapping/Hostage Taking | 254.3 | 204.0 | 3 | -- | -- | 0 | 278.0 | 267.5 | 6 | -- | -- | 2 |
| Sexual Abuse | 179.7 | 150.5 | 6 | 239.5 | 210.0 | 11 | 251.7 | 180.0 | 3 | -- | -- | 1 |
| Assault | 38.8 | 33.0 | 37 | 48.0 | 41.0 | 37 | 63.0 | 60.0 | 45 | 111.2 | 78.0 | 31 |
| Robbery | 82.2 | 70.0 | 131 | 89.2 | 72.0 | 83 | 101.9 | 84.5 | 152 | 163.1 | 151.0 | 224 |
| Arson | 62.9 | 60.0 | 9 | -- | -- | 1 | -- | -- | 2 | -- | -- | 1 |
| Drugs - Trafficking | 109.2 | 87.0 | 1,739 | 122.6 | 100.0 | 947 | 141.9 | 120.0 | 1,037 | 185.7 | 168.0 | 1,594 |
| Drugs - Communication Facility | 56.9 | 48.0 | 40 | 39.9 | 48.0 | 17 | 55.2 | 48.0 | 33 | 60.0 | 48.0 | 14 |
| Drugs - Simple Possession | 21.8 | 6.0 | 40 | 23.0 | 6.0 | 21 | 43.8 | 12.0 | 30 | -- | -- | 1 |
| Firearms | 73.8 | 51.0 | 1,240 | 84.0 | 63.0 | 970 | 115.7 | 92.0 | 1,651 | 261.2 | 262.0 | 245 |
| Burglary/B&E | 26.2 | 25.5 | 6 | 32.3 | 27.0 | 3 | 30.8 | 27.0 | 5 | -- | -- | 0 |
| Auto Theft | 69.8 | 30.5 | 6 | 112.0 | 71.0 | 7 | 72.1 | 66.0 | 8 | -- | -- | 2 |
| Larceny | 17.2 | 12.0 | 61 | 22.4 | 18.0 | 43 | 26.0 | 21.0 | 98 | -- | -- | 1 |
| Fraud | 27.4 | 20.0 | 297 | 33.7 | 27.0 | 184 | 45.0 | 36.0 | 372 | 141.0 | 156.0 | 3 |
| Embezzlement | 7.0 | 7.0 | 4 | 20.5 | 21.0 | 6 | 31.6 | 24.0 | 9 | -- | -- | 0 |
| Forgery/Counterfeiting | 20.4 | 18.0 | 101 | 32.1 | 30.0 | 84 | 44.7 | 33.0 | 137 | -- | -- | 0 |
| Bribery | -- | -- | 0 | -- | -- | 1 | -- | -- | 1 | -- | -- | 0 |
| Tax | 47.2 | 46.0 | 9 | -- | -- | 2 | 68.3 | 51.5 | 6 | -- | -- | 0 |
| Money Laundering | 64.4 | 41.0 | 17 | 111.3 | 53.0 | 9 | 86.5 | 73.5 | 8 | -- | -- | 0 |
| Racketeering/Extortion | 124.1 | 85.0 | 47 | 115.0 | 85.5 | 26 | 140.4 | 94.0 | 40 | 208.7 | 165.5 | 36 |
| Gambling/Lottery | -- | -- | 2 | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 |
| Civil Rights | -- | -- | 1 | -- | -- | 0 | -- | -- | 1 | -- | -- | 0 |
| Immigration | 30.7 | 24.0 | 2,570 | 39.7 | 33.0 | 1,420 | 47.4 | 41.0 | 1,308 | -- | -- | 0 |
| Pornography/Prostitution | 146.0 | 120.0 | 33 | 300.5 | 204.0 | 27 | 111.1 | 110.0 | 10 | 287.0 | 235.0 | 7 |
| Prison Offenses | 11.6 | 8.0 | 62 | 16.3 | 12.0 | 50 | 23.2 | 17.0 | 85 | 40.0 | 38.5 | 40 |
| Administration of Justice Offenses | 52.3 | 33.0 | 50 | 40.2 | 24.0 | 37 | 44.0 | 33.0 | 39 | 102.9 | 100.0 | 9 |
| Environmental/Wildlife | 10.2 | 6.0 | 3 | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 |
| National Defense | -- | -- | 0 | -- | -- | 0 | 164.8 | 120.0 | 5 | -- | -- | 1 |
| Antitrust | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 |
| Food & Drug | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 | -- | -- | 0 |
| Other Miscellaneous Offenses | 23.0 | 15.0 | 30 | 23.4 | 12.0 | 11 | 44.2 | 31.5 | 42 | 77.8 | 77.0 | 11 |

[2] Career offender information is based on the recommendation of the probation officer in the PSR, if information from the sentencing court was missing or unavailable. As a result, the number of career offenders represented here is higher than the number reported in Tables 20 and 22.

SOURCE: U.S. Sentencing Commission, 2006 Datafile, USSCFY06.

Table 27

## SENTENCES RELATIVE TO THE GUIDELINE RANGE BY EACH PRIMARY OFFENSE CATEGORY[1]
### Fiscal Year 2006

| PRIMARY OFFENSE | TOTAL | WITHIN GUIDELINE RANGE | | UPWARD DEPARTURES[2] | | UPWARD DEPARTURES W/ *BOOKER*[2] | | ABOVE RANGE WITH W/ *BOOKER*[2] | | REMAINING ABOVE RANGE[2] | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | n | % | n | % | n | % | n | % | n | % |
| TOTAL | 70,128 | 43,271 | 61.7 | 412 | 0.6 | 177 | 0.3 | 455 | 0.6 | 84 | 0.1 |
| Murder | 80 | 48 | 60.0 | 8 | 10.0 | 2 | 2.5 | 3 | 3.8 | 0 | 0.0 |
| Manslaughter | 59 | 38 | 64.4 | 3 | 5.1 | 1 | 1.7 | 6 | 10.2 | 1 | 1.7 |
| Kidnapping/Hostage Taking | 61 | 25 | 41.0 | 1 | 1.6 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Sexual Abuse | 262 | 175 | 66.8 | 7 | 2.7 | 5 | 1.9 | 8 | 3.1 | 0 | 0.0 |
| Assault | 583 | 390 | 66.9 | 20 | 3.4 | 5 | 0.9 | 11 | 1.9 | 2 | 0.3 |
| Robbery | 1,152 | 758 | 65.8 | 13 | 1.1 | 8 | 0.7 | 9 | 0.8 | 2 | 0.2 |
| Arson | 71 | 40 | 56.3 | 3 | 4.2 | 2 | 2.8 | 4 | 5.6 | 0 | 0.0 |
| Drugs - Trafficking | 24,881 | 13,351 | 53.7 | 43 | 0.2 | 18 | 0.1 | 51 | 0.2 | 16 | 0.1 |
| Drugs - Communication Facility | 409 | 267 | 65.3 | 1 | 0.2 | 2 | 0.5 | 1 | 0.2 | 2 | 0.5 |
| Drugs - Simple Possession | 606 | 565 | 93.2 | 7 | 1.2 | 2 | 0.3 | 4 | 0.7 | 2 | 0.3 |
| Firearms | 8,330 | 5,809 | 69.7 | 74 | 0.9 | 31 | 0.4 | 93 | 1.1 | 7 | 0.1 |
| Burglary/B&E | 48 | 41 | 85.4 | 0 | 0.0 | 2 | 4.2 | 1 | 2.1 | 0 | 0.0 |
| Auto Theft | 62 | 42 | 67.7 | 2 | 3.2 | 0 | 0.0 | 2 | 3.2 | 0 | 0.0 |
| Larceny | 1,579 | 1,246 | 78.9 | 6 | 0.4 | 5 | 0.3 | 17 | 1.1 | 4 | 0.3 |
| Fraud | 6,787 | 4,374 | 64.4 | 38 | 0.6 | 34 | 0.5 | 68 | 1.0 | 15 | 0.2 |
| Embezzlement | 563 | 433 | 76.9 | 0 | 0.0 | 1 | 0.2 | 2 | 0.4 | 0 | 0.0 |
| Forgery/Counterfeiting | 1,157 | 846 | 73.1 | 14 | 1.2 | 3 | 0.3 | 10 | 0.9 | 3 | 0.3 |
| Bribery | 183 | 102 | 55.7 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Tax | 591 | 323 | 54.7 | 1 | 0.2 | 1 | 0.2 | 5 | 0.8 | 1 | 0.2 |
| Money Laundering | 896 | 420 | 46.9 | 7 | 0.8 | 3 | 0.3 | 2 | 0.2 | 2 | 0.2 |
| Racketeering/Extortion | 610 | 342 | 56.1 | 9 | 1.5 | 2 | 0.3 | 4 | 0.7 | 0 | 0.0 |
| Gambling/Lottery | 113 | 84 | 74.3 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Civil Rights | 63 | 40 | 63.5 | 0 | 0.0 | 0 | 0.0 | 1 | 1.6 | 0 | 0.0 |
| Immigration | 17,049 | 10,843 | 63.6 | 113 | 0.7 | 28 | 0.2 | 103 | 0.6 | 18 | 0.1 |
| Pornography/Prostitution | 1,286 | 851 | 66.2 | 20 | 1.6 | 13 | 1.0 | 23 | 1.8 | 1 | 0.1 |
| Prison Offenses | 341 | 278 | 81.5 | 2 | 0.6 | 0 | 0.0 | 3 | 0.9 | 0 | 0.0 |
| Administration of Justice Offenses | 1,076 | 674 | 62.6 | 17 | 1.6 | 7 | 0.7 | 11 | 1.0 | 4 | 0.4 |
| Environmental/Wildlife | 150 | 103 | 68.7 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 1 | 0.7 |
| National Defense | 36 | 13 | 36.1 | 0 | 0.0 | 0 | 0.0 | 1 | 2.8 | 0 | 0.0 |
| Antitrust | 12 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Food & Drug | 60 | 45 | 75.0 | 1 | 1.7 | 0 | 0.0 | 2 | 3.3 | 0 | 0.0 |
| Other Miscellaneous Offenses | 972 | 705 | 72.5 | 2 | 0.2 | 2 | 0.2 | 10 | 1.0 | 3 | 0.3 |

## Table 27 (cont.)

| PRIMARY OFFENSE | §5K1.1 SUBSTANTIAL ASSISTANCE | | §5K1.3 EARLY DISPOSITION | | OTHER GOV'T SPONSORED | | DOWNWARD DEPARTURE[3] | | DOWNWARD DEPARTURE W/ BOOKER[3] | | BELOW RANGE W/ BOOKER[3] | | REMAINING BELOW RANGE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | n | % | n | % | n | % | n | % | n | % | n | % | n | % |
| TOTAL | 10,134 | 14.5 | 5,163 | 7.4 | 1,930 | 2.8 | 1,901 | 2.7 | 1,432 | 2.0 | 4,240 | 6.0 | 929 | 1.3 |
| Murder | 10 | 12.5 | 0 | 0.0 | 5 | 6.3 | 1 | 1.3 | 1 | 1.3 | 1 | 1.3 | 1 | 1.3 |
| Manslaughter | 0 | 0.0 | 0 | 0.0 | 1 | 1.7 | 1 | 1.7 | 2 | 3.4 | 6 | 10.2 | 0 | 0.0 |
| Kidnapping/Hostage Taking | 23 | 37.7 | 0 | 0.0 | 4 | 6.6 | 0 | 0.0 | 0 | 0.0 | 4 | 6.6 | 4 | 6.6 |
| Sexual Abuse | 5 | 1.9 | 1 | 0.4 | 22 | 8.4 | 6 | 2.3 | 9 | 3.4 | 20 | 7.6 | 4 | 1.5 |
| Assault | 6 | 1.0 | 9 | 1.5 | 43 | 7.4 | 18 | 3.1 | 18 | 3.1 | 47 | 8.1 | 14 | 2.4 |
| Robbery | 144 | 12.5 | 0 | 0.0 | 30 | 2.6 | 48 | 4.2 | 49 | 4.3 | 78 | 6.8 | 13 | 1.1 |
| Arson | 18 | 25.4 | 0 | 0.0 | 2 | 2.8 | 0 | 0.0 | 1 | 1.4 | 1 | 1.4 | 0 | 0.0 |
| Drugs - Trafficking | 6,465 | 26.0 | 1,390 | 5.6 | 630 | 2.5 | 599 | 2.4 | 527 | 2.1 | 1,485 | 6.0 | 306 | 1.2 |
| Drugs - Communication Facility | 80 | 19.6 | 0 | 0.0 | 9 | 2.2 | 7 | 1.7 | 10 | 2.4 | 25 | 6.1 | 5 | 1.2 |
| Drugs - Simple Possession | 4 | 0.7 | 0 | 0.0 | 7 | 1.2 | 2 | 0.3 | 2 | 0.3 | 9 | 1.5 | 2 | 0.3 |
| Firearms | 960 | 11.5 | 41 | 0.5 | 209 | 2.5 | 247 | 3.0 | 178 | 2.1 | 563 | 6.8 | 118 | 1.4 |
| Burglary/B&E | 2 | 4.2 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 1 | 2.1 | 1 | 2.1 |
| Auto Theft | 12 | 19.4 | 0 | 0.0 | 1 | 1.6 | 1 | 1.6 | 1 | 1.6 | 1 | 1.6 | 0 | 0.0 |
| Larceny | 103 | 6.5 | 6 | 0.4 | 23 | 1.5 | 40 | 2.5 | 30 | 1.9 | 73 | 4.6 | 26 | 1.6 |
| Fraud | 1,035 | 15.2 | 5 | 0.1 | 142 | 2.1 | 205 | 3.0 | 199 | 2.9 | 522 | 7.7 | 150 | 2.2 |
| Embezzlement | 17 | 3.0 | 0 | 0.0 | 9 | 1.6 | 17 | 3.0 | 19 | 3.4 | 50 | 8.9 | 15 | 2.7 |
| Forgery/Counterfeiting | 98 | 8.5 | 3 | 0.3 | 21 | 1.8 | 32 | 2.8 | 22 | 1.9 | 85 | 7.3 | 20 | 1.7 |
| Bribery | 45 | 24.6 | 1 | 0.5 | 5 | 2.7 | 4 | 2.2 | 4 | 2.2 | 16 | 8.7 | 6 | 3.3 |
| Tax | 81 | 13.7 | 0 | 0.0 | 13 | 2.2 | 33 | 5.6 | 29 | 4.9 | 89 | 15.1 | 15 | 2.5 |
| Money Laundering | 234 | 26.1 | 7 | 0.8 | 45 | 5.0 | 28 | 3.1 | 43 | 4.8 | 91 | 10.2 | 14 | 1.6 |
| Racketeering/Extortion | 136 | 22.3 | 0 | 0.0 | 35 | 5.7 | 14 | 2.3 | 12 | 2.0 | 46 | 7.5 | 10 | 1.6 |
| Gambling/Lottery | 16 | 14.2 | 0 | 0.0 | 0 | 0.0 | 1 | 0.9 | 3 | 2.7 | 6 | 5.3 | 3 | 2.7 |
| Civil Rights | 12 | 19.0 | 0 | 0.0 | 2 | 3.2 | 3 | 4.8 | 1 | 1.6 | 4 | 6.3 | 0 | 0.0 |
| Immigration | 328 | 1.9 | 3,682 | 21.6 | 521 | 3.1 | 477 | 2.8 | 164 | 1.0 | 635 | 3.7 | 137 | 0.8 |
| Pornography/Prostitution | 53 | 4.1 | 7 | 0.5 | 51 | 4.0 | 45 | 3.5 | 44 | 3.4 | 168 | 13.1 | 10 | 0.8 |
| Prison Offenses | 10 | 2.9 | 3 | 0.9 | 6 | 1.8 | 9 | 2.6 | 9 | 2.6 | 18 | 5.3 | 3 | 0.9 |
| Administration of Justice Offenses | 132 | 12.3 | 6 | 0.6 | 58 | 5.4 | 36 | 3.3 | 28 | 2.6 | 80 | 7.4 | 23 | 2.1 |
| Environmental/Wildlife | 9 | 6.0 | 1 | 0.7 | 7 | 4.7 | 5 | 3.3 | 4 | 2.7 | 12 | 8.0 | 8 | 5.3 |
| National Defense | 6 | 16.7 | 1 | 2.8 | 3 | 8.3 | 2 | 5.6 | 3 | 8.3 | 5 | 13.9 | 2 | 5.6 |
| Antitrust | 9 | 75.0 | 0 | 0.0 | 1 | 8.3 | 1 | 8.3 | 0 | 0.0 | 1 | 8.3 | 0 | 0.0 |
| Food & Drug | 8 | 13.3 | 0 | 0.0 | 3 | 5.0 | 0 | 0.0 | 0 | 0.0 | 1 | 1.7 | 0 | 0.0 |
| Other Miscellaneous Offenses | 73 | 7.5 | 0 | 0.0 | 22 | 2.3 | 19 | 2.0 | 20 | 2.1 | 97 | 10.0 | 19 | 2.0 |

[1] Of the 72,585 cases, 2,457 were excluded due to one or both of the following reasons: missing primary offense (67) or missing information needed to determine the relationship between the sentence imposed and the guideline range (2,398). Descriptions of variables used in this table are provided in Appendix A.

[2] See Tables 24-24C for a list of departure reasons comprising these categories.

[3] See Tables 25-25C for a list of departure reasons comprising these categories.

SOURCE: U.S. Sentencing Commission, 2006 Datafile, USSCFY06.