UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : O7 - 192 (ESH) |
| | : | |
| v. | : | JUDGE ELLEN S. HUVELLE |
| | : | |
| STEPHEN COOK | : | Sentencing : January 18, 2008 |
| | : | |
| Defendant. | : | |

**SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO
DEFENDANT COOK'S POST TRIAL MOTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following supplement to its opposition to the defendant's post trial motions. In its reply to that motion, the defense accuses the government of misstating the evidence when it stated that the Court had permitted the defense to recall Bernard Thornton to cross-examine Mr. Thronton regarding his use of drugs or medications at the time he witnessed the defendant assault Mr. Hunter. The defense's position is that the Court sustained the government's objection to this line of cross-examination. To assist the Court in resolving this factual dispute, the government has obtained an excerpt of the trial transcript addressing this issue (Attachment 1).

        Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

/s/

John Cummings
Assistant United States Attorney
Member Maryland Bar
555 4th Street, N.W., Room 4838
Washington, DC 20530
(202) 514-7561
john.cummings@usdoj.gov

/s/

C. Douglas Kern
Ohio # 0072864
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
601 D St. NW
Washington, DC 20004
(202) 514-3204
Doug.Kern@usdoj.gov

Wednesday, October 24, 2007.  United States of America versus Stephen Cook.  Excerpt from the trial is as follows:

    THE COURT:  I was just handed by Mr. Franklin a letter of November 22 from the mental health department.

    Have you made it available to the other side?

    MR. CUMMINGS:  I have not.  As I understand, I wanted the Court, to present it first to you given the nature of the document.  There should be two letters there.

    THE COURT:  Yes.  Let me take a look at it.

    (The Court reads the document.)

    THE COURT:  Mr. Cummings, I think you should have your witness wait outside for a moment.

    What is your position?  You've read this, Mr. Cummings?  I have now read two reports here from the Department of Mental Health regarding the witness who testified.  One is dated the 22nd, dated November 22, '05.  The other January 24, '06.

    MR. CUMMINGS:  My position would be given the dates that they're not relevant.  These are evaluations occurring after the event.

    THE COURT:  I have one concern.

    MR. CUMMINGS:  I will note that I inquired of the witness whether or not he was currently under any medication that affected his ability to understand what was going on in

court, if he understood as part of witness preparation. He said no.

THE COURT: The witness was clearly understood and was competent. The only thing one could say about him is he had a quiet voice.

The only question that was not asked at the time, because of this, was whether or not he was under medication or any kind of drugs at the time he made his observations in the sallyport which would, I have to say based on this, might be a question that would have, could be asked in good faith. I don't know what the answer is.

These are, for the record, these two reports, the first one, he was sent over, he was admitted to forensic in- patient on October 27, with a report due by the 28th.

At that point in time, for the record, I think I have to say, he was found incompetent to proceed with the probation revocation. He then was rendered competent as of January 24, '06.

The question, I don't believe that there is any reason to produce these reports. But I have to say that counsel could in good faith, if they want, call him back to ask about what drugs he might or might not have been taking at the time because I think, I don't have any reason based on these reports to say what he was taking then.

        MR. CUMMINGS:  Your Honor, my response to that would be simply this.  This is always an appropriate line of question is to ask our witnesses whether or not they're under the influence of any narcotics, medication, any drugs that would have impaired their ability.  Counsel had that opportunity.  That is a standard line of cross examination.  They elected not to go into that line of questioning.

        THE COURT:  I'll leave that to Mr. Moffitt.  I'm am not producing these.  They will be marked as court exhibits.  We're on court exhibits three and four.  November 22 is three.  And then four is January 24.  They don't relate to the time in question.  All I'm saying is, if you want him brought back, let us know.  That would be the only fair inquiry that one could make.  But there is nothing in here that tells me the answer one way or the other.  The government will hold on to those reports.

        Is there anything else that we should address now.

        MR. CUMMINGS:  With respect to?

        THE COURT:  I think Mr. Moffitt may have something he wants to say something before we bring back the witness.

        Mr. Moffitt?

        MR. MOFFITT:  Your Honor, I want to hand up Defendant's Exhibit 18.  I believe you may have a copy.

    (End of excerpt.)